JOHN A. GILLIAM, Appellant, v. ST. LOUIS TRANSIT COMPANY and UNITED RAILWAYS COMPANY.

Division Two, February 17, 1914.

ATTORNEY'S FEES: Allowance by Court: Notice to Clients. An attorney who has conducted litigation for a plaintiff and a number of intervenors, seeking to have a fund in the hands of defendant declared a trust fund, is not entitled, upon motion, to have attorney's fees allowed to him by the trial court, out of the funds recovered, as against the intervenors, without notice to them. On the question of their liability for a fee, and the amount of it, they were entitled to their day in court.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*John A. Gilliam* pro se.

*Boyle & Priest, T. M. Pierce* and *T. E. Francis* for respondents.

ROY, C.—On April 6, 1907, James B. Johnson, through his attorney, John A. Gilliam, brought suit as a judgment creditor of the St. Louis Transit Company to set aside a transfer of certain property from the debtor to the United Railways Company, as in fraud of creditors, and to have the property so transferred declared and held to be a trust fund for the satisfaction of the creditors.  There were several millions of dollars' worth of such property.  The indebtedness to plaintiff was by reason of two judgments rendered against the Transit Company, one in favor of Ernestine Sellmann, rendered March 22, 1905, for $2750 and the other in favor of Susan Morgan, rendered November 22, 1904, both assigned to the plaintiff, Johnson, and both representing damages recovered by Sellman and Morgan respectively for personal injuries by reason of the negligence of the Transit Company.

The petition alleged that there were other such creditors holding valid claims and debts against the Transit Company amounting in the aggregate to two million dollars.  The petition contained the following: "Plaintiff James B. Johnson states that he is a judgment creditor of the St. Louis Transit Company and is the owner of the judgment hereinafter set forth recovered against said company by Ernestine Sellmann, and is the owner of the judgment hereinafter set forth recovered against said company by Susan Morgan, and he brings this action against the within named defendants in behalf of himself and all other bona fide creditors of the St. Louis Transit Company who are similarly situated, who will come in and be made parties complainant and will share the costs, expenses and attorney's fees incurred in this action."

There is no allegation in the petition as to what, if any, agreement there was as to such attorney's fees.  Subsequently many creditors of the Transit Company filed intervening petitions.  The abstract on

file in this case does not show the caption or signatures to those intervening petitions and does not show whether they are signed by Mr. Gilliam or by some other attorney. By their terms those petitions adopt the allegations in the plaintiff's petition and pray for the same kind of relief as asked in that petition. On March 31, 1910, after the taking of evidence in the cause, but before any finding or decree therein, John A. Gilliam filed a motion for an allowance to him of an attorney's fee in the cause. That motion contains the following:

"Now comes John A. Gilliam and states to the court that he is and has been the attorney of the plaintiff in this case from its beginning; that by his contract with the plaintiff in this case upon the judgments sued upon herein for the plaintiff he was to receive from said plaintiff substantially twenty-two per cent of the entire amount that might be recovered of the principal and interest on the judgments of the plaintiff, James B. Johnson, sued upon herein. That in addition to said percentage to be received from the plaintiff, there was an express stipulation between the plaintiff and the mover herein, John A. Gilliam, that said John A. Gilliam, as a part of his compensation in handling this case for plaintiff, and such intervenors as might join the plaintiff herein, was to have all fees which might be allowed by the court in the case as attorney's fees, or as fees as between solicitor and client."

Also the following:

"The mover submits to the court that under the facts of this case he is equitably entitled for the recovery of assets of the St. Louis Transit Company found in the hands of the defendants to a reasonable fee, based upon the amount of work that he has already done in the case, and which reasonably would be required hereafter to prosecute this case to a final conclusion, and said John A. Gilliam states that under the

law, as he understands it, the most equitable way of fixing and collecting the fee for the mover herein, is to make it a charge upon the fund which has been found to be in the hands of the defendants and the mover herein asks the court to make an allowance to him and a charge upon the funds found in the hands of the defendant, United Railways Company, of a reasonable amount for his service in securing that fund for the benefit of the creditors of the St. Louis Transit Company. In the alternative, however, if the court shall find that the mover should not be paid out of that fund, he asks that a reasonable fee be allowed to him, to be charged pro rata upon the amounts which the several intervening creditors not represented by him may recover as the final result of this case.

"The mover herein, said John A. Gilliam, states that in the services he has performed for James B. Johnson he has worked as well for the benefit of the intervening creditors herein as he has for that plaintiff, and if he cannot be reimbursed out of the funds recovered, said intervening creditors ought to contribute their due proportion toward the payment of the services of the mover in their behalf."

It was overruled. Judgment went in favor of the plaintiff and intervenors against the United Railways Company for the respective amounts due them as such creditors. There was an appeal by the United Railways Company from the judgment against it, and also an appeal by Gilliam from the order disallowing his motion. Both those appeals, so far at least as they affected the United Railways Company, were decided in an opinion by Judge LAMM, reported in 247 Mo. 326, in which the judgment of the lower court against the United Railways Company and also the order overruling the motion for the allowance of the attorney's fee were affirmed. That opinion said nothing expressly on the question of Mr. Gilliam's rights on his motion as against the intervenors. His appeal as against

them has been docketed as a separate appeal from the one decided against him in Judge LAMM's opinion. In other words, one appeal has become two.

There is nothing in the record to show that the intervenors were ever notified of the filing of the motion for the allowance of an attorney's fee against them. They have filed no brief herein. Appellant's brief has on it this endorsement: "Received copy of above brief this 9th day of April, 1913, M. C. Early, attorney for certain intervenors."

I. We will not undertake to decide the question as to whether Mr. Gilliam's appeal as against the intervenors has any vitality left in it after that Allowing Attorney's Fees: Notice to Intervenors. same appeal has been passed upon as it was in the opinion referred to in the statement. We hold that the order and judgment overruling his motion for such fee must be affirmed for the reason that the intervenors had no notice of such proceeding.

It is an elementary proposition that the retaining of counsel in such a cause does not, without notice to the client, give the court jurisdiction to enter judgment against the client in favor of the attorney for a fee.

Jones v. Yore, 142 Mo. 38, was a case where a guardian *ad litem* appointed by the court for minor defendants in a will contest, after final judgment in favor of the defendants, was, on motion, allowed a reasonable fee for his services. The opinion in that case speaks of the fact that the motion was filed after final judgment and appears in one place to be based on that fact, yet the whole opinion considered, it is clear that the court held that a representative cannot cease to be the *alter ego,* and become the adversary, without notice of his change of attitude. Such being the case, Mr. Gilliam would not have been entitled, without notice to his client, Mr. Johnson, to have an allowance

against him for a fee.  His rights against the inter-
venors were no greater than against Johnson.  On the
question of their liability for a fee, and the amount of
it, they were entitled to their day in court.  We are
not censuring the attorney. He was far more vigilant
and successful in the performance of his duty as coun-
sel than in his efforts to obtain a just compensation.
He ought to be paid.

Proceeding upon the theory, without so holding,
that there is such an appeal here pending, we affirm
the judgment.  *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of ROY,
C., is adopted as the opinion of the court.  All the
judges concur.