CARONDELET SAVINGS & LOAN AS-
SOCIATION, Plaintiff-Respondent,

v.

Roy T. BOYER and Boyer Building Com-
pany, Inc., Defendants-Appellants.

No. 40034.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 1980.

Motion for Rehearing or Transfer to Su-
preme Court Denied March 14, 1980.

Application to Transfer Denied
April 8, 1980.

David M. Duree, Kenney, Leritz & Reinert, St. Louis, for defendants-appellants.

Marvin Klamen and John L. Davidson, Clayton, for plaintiff-respondent.

KELLY, Chief Judge.

This is an appeal by defendants below, Roy T. Boyer and Boyer Building Company, Inc. from a summary judgment entered in the circuit court of Jefferson County under Rule 74.04 V.A.M.R. in favor of the plaintiff, Carondelet Savings & Loan Association, in plaintiff's action for a deficiency after foreclosure on a deed of trust held by Carondelet. Judgment was entered in the amount of $160,926.93 plus costs.[1] On appeal, defendants assert three points of error by the trial court: 1) in dismissing defendants' counterclaim; 2) in granting plaintiff's motion for summary judgment; and 3) in denying defendants' motion to add the successor trustee, Great Eagle Service Corporation, which presided over the foreclosure, as a necessary party. We affirm.

On August 20, 1969, Roy T. Boyer, and Boyer Building Company, Inc., a corporation, borrowed $250,000.00 at 8% interest from the respondent and executed a promissory note—"First Mortgage Note"—payable to the respondent in monthly installments. By the terms of this note, the appellants agreed that should a default on the note occur, they would pay all collection costs and reasonable attorney's fees. Carondelet, as respondent shall hereinafter be identified, secured the notes by a Deed of Trust encumbering a real estate development project in Jefferson County, Missouri, known as Riverview Bend Estates. Five years later, on August 20, 1974, payments stopped on the loan and Carondelet requested the successor trustee on the Deed of Trust, the Great Eagle Service Corporation, to initiate foreclosure proceedings. The Great Eagle Service Corporation sold the Riverview Bend Estates property at a foreclosure sale on September 9, 1976, at which Carondelet purchased the property for $51,-000.00. After adjusting the proceeds for costs, Carondelet claimed a deficiency of $132,294.44 remained due on the note. This amount was later amended to $146,173.36. On October 4, 1976, Carondelet filed suit to recover this deficiency.

On September 22, 1973, prior to the termination of payments on the loan, defendants had conveyed the Riverview Bend Estates property to American Brokers Corporation with title being taken in the name of a straw party, Larry Guess. Defendants took back a second deed of trust. On December 7, 1973, Guess in turn conveyed the property to American Brokers Corporation. In June, 1975, American Brokers Corporation filed for bankruptcy. The Bankruptcy Court then stayed all proceedings against the bankrupt's estate. Thereafter Boyer Building Company, Inc. filed a complaint in the Bankruptcy Court requesting relief from the Order Staying Foreclosure on the Riverview Bend Estates Property. On June 22, 1976, the Bankruptcy Court granted the request for relief and authorized Boyer Building Company, Inc. to proceed with the trustee's sale of the property. However, the company failed to foreclose on the property and so Carondelet foreclosed on the first deed of trust on September 9, 1976.

---

1. Principal $146,173.36
 Attorneys' fees (5%) 7,308.77
 Interest 7,444.80

On October 4, 1976, Carondelet filed suit for the deficiency, and on April 13, 1977, moved for summary judgment. Prior to the trial court's action on the motion, the defendants moved to add Great Eagle Service Corporation as a party defendant in the counterclaim and to amend their counterclaim. The trial court granted the appellants leave to amend their counterclaim, denied their motion to add Great Eagle Service Corporation as a party defendant therein, granted Carondelet's motion for summary judgment and dismissed appellants' counterclaim on Carondelet's motion.

On January 18, 1978, Boyer and Boyer Building Company, Inc., appealed to this court. The transcript was filed in this court on March 30, 1978, and on September 15, 1978, respondent Carondelet moved to supplement the transcript by adding several documents, among them an order of the Bankruptcy Court dated August 8, 1978, approving abandonment of the property and the foreclosure sale. That motion is still before this court.

By its Motion to Supplement the transcript Carondelet seeks to add seven documents to the transcript on appeal. Appellants oppose the motion to supplement the transcript on the ground that none of the documents were made part of the record for consideration by the trial court.

 The transcript on appeal should contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court. Rule 81.12(b). An inadvertent omission from the transcript may be corrected by order of the appellate court on a proper suggestion or on its own initiative. Rule 81.12(c). The first document offered, referred to here as Exhibit A, the order of June 22, 1976 granting the request of Boyer Building Company, Inc. for relief from the Stay Order authorizing it to foreclose, was presented to the trial court as an exhibit attached to Carondelet's Reply to appellants' Memorandum in Opposition to Carondelet's Motion for Summary Judgment. Appellants contend that this exhibit attached to a memorandum was not properly before the trial court because it was not introduced into evidence nor identified in any of the pleadings, affidavits, or depositions filed in the trial court. We disagree. Facts stated in affidavits and exhibits may be considered, and if no verified denial to them is made, they are deemed admitted. *E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167 (Mo.1967). The order was properly before the trial court as an exhibit in support of Carondelet's motion for summary judgment, in conjunction with the parties' affidavits and memoranda. The Motion to Supplement the Transcript is granted with respect to Exhibit A.

 As to Exhibits B through G, Carondelet's motion must be denied. Exhibits B and C are the complaint filed in the Bankruptcy Court by appellant, Boyer Building Company, Inc., seeking the order shown in Exhibit A, and a motion to amend that complaint; there is no indication that these documents were ever presented to, or considered by, the trial court. Exhibits D and E are an application by Carondelet to the Bankruptcy Court for an order approving Carondelet's foreclosure sale, and the order giving the court's approval; as both the application for approval, dated July 5, 1978, and the order granting approval, dated August 3, 1978, post-date the proceedings from which this appeal is taken, they are not proper subjects for this court's consideration. Exhibits F, G, and H are, respectively, a notice of a federal tax lien, a certificate of discharge of that lien, and a certificate of release of that lien. In the trial court, Carondelet referred to the imposition of the tax lien, its release and its discharge, in the reply to appellants' affidavit opposing Carondelet's summary judgment motion, but the documents themselves were not identified, offered, or attached to the affidavit as exhibits in support of the motion. They cannot now be received by this court as supplements to the record of the proceedings below.

Carondelet's Motion to Supplement the Transcript on appeal is denied with respect to all exhibits except as to Exhibit "A"; it is sustained as to Exhibit "A" and said

exhibit is ordered to be made a part of the transcript on appeal and shall be considered by the court in arriving at a decision in this case.

Appellants assert trial error in granting Carondelet's Motion for Summary Judgment. According to appellants, the Trustee conducted the foreclosure sale in violation of the Bankruptcy Court stay order, and accepted far less than the actual value of the property as a sale price. Appellants argue that these facts warrant setting aside the foreclosure sale, as appellants requested in the counterclaim, and for that reason Carondelet is prevented from recovering the deficiency in a summary proceeding.

■■■ Assuming without deciding that accepting inadequate consideration in conjunction with violation of a Bankruptcy Court stay order are circumstances showing unfairness or fraud sufficient to justify setting aside the foreclosure sale, as discussed in *Trotter v. Carter*, 353 Mo. 708, 183 S.W.2d 898 (1944), the trial court's ruling on the summary judgment motion must, nevertheless, be upheld. Appellants' opposition to Carondelet's motion for summary judgment depends entirely on the allegation that the foreclosure sale was conducted in violation of the Bankruptcy Court order, because it is a well-established rule in Missouri that mere inadequacy of consideration, without more, will not justify setting aside a foreclosure sale. *West v. Axtell*, 322 Mo. 401, 17 S.W.2d 328 (1929). The record in this case demonstrates that the foreclosure sale could not have been in violation of the Bankruptcy Court order, be-

cause the order was no longer in effect at the time of the foreclosure sale. There is clear, uncontroverted evidence showing that the trustee had abandoned the property, subject to the requisite court approval. This is shown by the Bankruptcy Court order granting Boyer Building Company, Inc.'s request for relief from the stay order, wherein the Bankruptcy Court found that the trustee was unable to dispose of the property for an amount in excess of the encumbrances. The trustee having advised the court that no prospective purchasers could be found who would buy at a price whereby there would be any remaining equity for the estate, and having acquiesced in the release of the property from the stay order, effectively abandoned the property as an asset of the bankrupt's estate. Once abandoned, it was no longer within the jurisdiction of the Bankruptcy Court, and Carondelet's right to call upon the trustee under the first deed of trust to foreclose was no longer stayed. This being the case, Carondelet was also entitled to seek recovery of the deficiency in a summary proceeding, because the deficiency resulted from a valid sale.[2]

■■■ Appellants also assert trial error in granting summary judgment for the reason that material issues of fact regarding the amount of the deficiency and attorney's fees remained in dispute. The only discrepancy arising with respect to the amount of the deficiency was the result of Carondelet's paying approximately $14,000.00 to the Internal Revenue Service to secure the release of the federal tax lien. Carondelet

2. Carondelet's affidavit filed in support of its motion for summary judgment discusses the issue of abandonment, citing several authorities for the proposition that abandonment requires no formal act on the part of the trustee, but merely requires some clear and unambiguous manifestation of intent to abandon. E. g., *California Joint Stock Land Bank v. Gore*, 153 Or. 267, 55 P.2d 1118 (1936). But Carondelet's citations refer to authority which has been superseded by Bankruptcy Rule 608, adopted in 1973. Rule 608 requires court approval as a prerequisite to abandonment by the trustee.

In the instant case, the property which Great Eagle Service Corp. foreclosed on was released from the stay order by the Bankruptcy Court because the trustee in bankruptcy had deter-

mined the property to be of no value to the estate. The Bankruptcy Court order releasing the property from the stay specifically recited the court's findings that the trustee had attempted to dispose of the property and the attempts had proved unsuccessful; the order also reflects the trustee's appearance at the hearing and the court's reliance on the trustee's statements respecting the subject property. Although release from a stay order might not constitute an abandonment under some circumstances, where, as here, the reasons for releasing the property from the stay are sufficient to justify abandonment, and the formality of obtaining court approval is satisfied, such release, in our opinion, constitutes an effective abandonment.

amended its original petition to reflect that expense, changing the amount claimed from $132,294.44 to $146,173.36. The amended claim is fully supported by the affidavits, and does not constitute a material question of fact which would preclude summary judgment. Similarly, there is no discrepancy respecting the amount of attorney's fees, which were computed at 5% of the total amount due; prior to amendment of the petition, Carondelet claimed $6,614.72 in attorney's fees but after paying an additional $14,000.00 to the Internal Revenue Service and subsequent amendment of the petition, Carondelet claimed $7,308.77. The terms of the note itself provide for attorney's fees at a reasonable rate, and appellants do not dispute this in the opposing affidavit. The reasonableness of the amount is a matter of law to be decided by the court. *Barnhill v. Barnhill*, 547 S.W.2d 858 (Mo.App.1977). Thus, there is no genuine issue of material fact pertaining to the amount of the deficiency or to the amount of attorney's fees to which respondent was entitled.

The pleadings, depositions, affidavits and other proof having shown that there was no genuine issue of material fact, the trial court properly granted respondent's motion for summary judgment. *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505 (Mo.App.1975).

Appellants also assert trial error in dismissal of the counterclaim for setting aside the allegedly invalid foreclosure sale. Our conclusion that the trial court correctly found the sale valid and not in violation of the bankruptcy order aforesaid precludes appellants from proceeding with this counterclaim on the ground that it was conducted in violation of the order.

Appellants' third Point is likewise without merit. Appellants could not have been prejudiced by the trial court's denial of appellants' motion to add the successor trustee as a party-defendant to the counterclaim where it had properly dismissed the counterclaim, as we have already decided.

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.