J. Buckner MORSE et al., Respondents,

v.

Leroy JOHNSON et al., Appellants.

No. 61271.

Supreme Court of Missouri,
En Banc.

Feb. 11, 1980.

Opinion Modified On Court's Own Motion On Denial of Rehearing March 11, 1980.

I. I. Lamke, Briegel & Kimme, Union, for appellants.

Edwin L. Noel, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for respondents.

MORGAN, Judge.

This case, originating as an action for damages for an acreage deficiency in a land sale, came to this Court by way of transfer (Rule 83.03) after an opinion in the Court of Appeals, Eastern District, which reversed and remanded the cause for a new trial. Now here, the cause is decided as though on original appeal. Mo.Const. art. V, § 10.

Respondents bought a parcel of land from appellants early in 1973. Initially, the land was represented by a real estate agent as containing about 182 acres with a price of $36,000. Respondents agreed to and executed a sales contract for the land as represented. Thereafter, Norris Fridley of Norris Fridley Real Estate, Inc., also appellants herein, contacted respondents regarding his concern about the precise amount of acreage involved and suggested that the land be surveyed. Appellant Fridley called respondents the next day to say that pursuant to a survey and aerial photos given to him, it had been concluded that the plat contained 162 acres "plus or minus." After further discussion, Mr. Morse told Fridley to proceed with the sale but proposed a reduction in the total price. An offer of $33,000 was arrived at by Morse and Fridley, and the sellers agreed to the new price.

Closing of the sale took place only a few days later, and on that day respondents were given a warranty deed containing the following legal description:

The south 42 acres of Lot Number 2 and all of Lot 1 of the northeast quarter and all that part of the southeast quarter that lies north of the Pointers Creek and Cooper Hill public road, all situate, lying being in Section 4, Township 42 North of Range 7 west, comprising 140 acres more or less. Together with all improvements thereon.

Approximately two weeks after the closing, respondents received an aerial photo which included their land. Mr. Morse had ordered the photo at about the same time he had learned that the proposed sales contract had been accepted by sellers. After examining the aerial photo, Mr. Morse ordered a survey by the surveyor of Osage County. The cost to Mr. Morse was $525, and from the survey it was determined that the land conveyed consisted of 128.83 acres. Mr. Fridley had obtained an opinion from the same surveyor prior to closing in which he had estimated the 162 acres in the plat. The discrepancy discovered later may be attributed to the fact that the warranty deed purported to convey 42 acres (the south 42 acres of Lot Number 2) to which sellers did not have fee simple title.

Respondents then joined the Johnsons, Norris Fridley and Norris Fridley Real Estate, Inc., in an action to recover damages for the shortage in acreage. Of the five counts contained in the first amended petition, two remained for submission to the jury. The original Count I, claiming a breach of warranty by sellers, sought damages in the amount of $8,925, representing the fair market value of the 42-acre deficiency at $200 an acre, plus the survey cost of $525. The original Count IV sought damages against the appellants-Fridley and his agency on a misrepresentation theory of recovery and contained a prayer for compensatory damages including interest, attorney's fees and costs.

Appellants introduced no evidence in the trial before a jury, and a verdict was returned in favor of respondents on both counts. The verdicts read as follows:

We, the jury find the issues in favor of the plaintiffs on Count I of plaintiffs' petition and against defendants' Johnson's and assess plaintiffs damages on Count I $6600.00.

We, the jury find the issues in Count II in favor of the plaintiffs and against defendants Norman Fridley & Norman Fridley Real Estate, Inc., and we assess plaintiffs' damages at $7,125.00.

Both verdicts were signed by the foreman. Prior to submission to the jury, the trial court had sustained appellants' motion for a directed verdict on the issue of punitive damages urged by respondents. This issue is the subject of a cross-appeal here, but respondents' counsel informed the Court that if the verdict in the main cause is affirmed, they would drop their cross-appeal.

Appellants point to seven alleged errors in the trial court: (1) The judgments entered against appellants award respondents a double recovery for a single cause of action; (2) the judgments are excessive, uncertain, ambiguous, beyond the scope of the pleadings and not supported by the evidence; (3) the two forms of verdict instructions were confusing, misleading, failed to resolve all the issues as to all the parties and failed to follow the proposed MAI 36.05 form of verdict in a case with multiple defendants; (4) MAI 2.02 "facts not assumed" instruction was not given immediately before the form of verdict instructions as prescribed in the notes on use; (5) Instructions No. 3, No. 4, and the form of verdict as to the misrepresentation count were based on a count of respondents' petition that was dismissed and any verdict returned thereon is confusing, misleading and not supported by the evidence or pleadings; (6) respondents' damages instructions were not supported by competent or substantial evidence of the actual value of the amount of land respondents contended they did not receive or of the difference in value between what respondents actually did receive and what they claim they were to receive; and (7) appellants were entitled to have their proposed Instruction B given as it constituted a converse instruction to respondents' verdict instructions and specifically conversed the essential elements of representation and reliance.

For reasons that will become apparent, the Court will discuss these points in reverse order.

■ Appellants submitted Instruction B to converse respondents' verdict instructions Nos. 2, 3, and 4.[1] The refused instruction read:

Your verdict must be for the defendants if you believe:

That plaintiffs received the tract of land shown to them by defendants' agent, and that plaintiffs knew when they purchased defendants' land that they were not receiving any land beyond the boundaries of said tract shown to them.

This instruction was patterned after the third-method converse set out in MAI 33.01. Although it is undisputed that "[a] defendant has the option to submit its theory of

1. Those instructions read as follows:

INSTRUCTION NO. 2

Your verdict must be for the plaintiffs and against defendants Johnsons on Count I of plaintiffs' petition if you believe:

First, the Johnsons sold by General Warranty Deed the South 42 acres of Lot Number 2 in Section 4, Township 42 North of Range 7 West in Osage County, Missouri to plaintiffs, and

Second, at the time of such sale the Johnsons did not have title to the South 42 acres of Lot Number 2 in Section 4, Township 42 North of Range 7 West in Osage County, Missouri, and

Third, plaintiffs were thereby damaged.

INSTRUCTION NO. 3

Your verdict must be for plaintiffs and against defendant Norris Fridley on Count II of plaintiffs' petition if you believe:

First, Fridley represented to plaintiffs that the land contained 162 acres, intending that plaintiffs rely upon such representation in purchasing the land, and

Second, the representation was false, and

Third, Fridley did not know whether the representation was true or false, and

Fourth, the representation was material to the purchase by plaintiffs of the land, and

Fifth, plaintiffs relied on the representation in making the purchase, and in so relying plaintiffs were using ordinary care, and

Sixth, as a direct result of such representation the plaintiffs were damaged.

INSTRUCTION NO. 4

Your verdict must be for plaintiffs and against defendant Norris Fridley Real Estate, Inc. on Count II of plaintiffs' petition if you believe:

First, Norris Fridley was an employee of Norris Fridley Real Estate, Inc. and was acting within the scope and course of his employment for Norris Fridley Real Estate, Inc. at the time of the representations, if any, made by him to plaintiffs, and

Second, Fridley represented to plaintiffs that the land contained 162 acres, intending that plaintiffs rely upon such representation in purchasing the land, and

Third, the representation was false, and

Fourth, Fridley did not know whether the representation was true or false, and

Fifth, the representation was material to the purchase by plaintiffs of the land, and

Sixth, plaintiffs relied on the representation in making the purchase, and in so relying plaintiffs were using ordinary care, and

Seventh, as a direct result of such representation the plaintiffs were damaged.

the case by way of a converse instruction, without being required to directly negative the plaintiff's theory of the case," *Bollman v. Kark Rendering Plant,* 418 S.W.2d 39 (Mo.1967), a third-method converse must submit an "hypothesized ultimate issue which if true would defeat plaintiff's claim." *Oliver v. Bi-State Development Agency,* 494 S.W.2d 49 (Mo.1973), citing with approval *Shepard v. Ford Motor Co.,* 457 S.W.2d 255, 258 (Mo.App.1970).

■ The proposed instruction, appellants claim, controverted respondents' reliance on any representations as to the exact amount of acreage to be sold. Even assuming the jury would have believed as true the claims set out in appellants' proposed instruction, such a conclusion would not have disproved any essential element of respondents' verdict-directing instruction. Having viewed the acreage and knowing that they would not receive any land beyond the boundaries they saw is not inconsistent with respondents' reliance on the representation that the plat contained 162 acres. If it were otherwise, buyers of land would be imputed with the ability to convert a visual perception of an area into a certain number of acres. This was recognized by this Court in 1902 in *McGhee v. Bell,* 170 Mo. 121, 70 S.W. 493, 497:

> As was said in *Starkweather v. Benjamin,* 32 Mich. 305: 'It cannot be generally true that persons can judge of the contents of a parcel of land by the eye. When a positive assurance of the area of a parcel of land is made by the vendor to the vendee with the design of making the vendee believe it, that assurance is very material, and equivalent to an assurance of measurement.' The defense rested

mainly on the ground that 'the purchaser saw the land, and was as able to judge of its size as Starkweather.' It was held in that case that the doctrine invoked did not apply to the facts of the case. And so we say here.

The instruction proposed here was properly refused.

■ Appellants complain that the only evidence of the value of the property to support respondents' damage instructions was excluded by the trial court and therefore the giving of the instructions was erroneous as not supported by competent or substantial evidence. Mr. Morse testified that any discussions he had with the real estate agent who showed the Morses the Johnson land always included reference to price per acre. When he and the agent discussed the Johnson land in particular, Mr. Morse said the price mentioned by the agent was $200 an acre. Later, when it was decided that the parcel of land contained only 162 acres, Mr. Morse testified that he proposed a price reduction, "that it should be a hundred and sixty-two acres at $200.00 an acre and I said that the purchase price then should be $32,400." A compromise price of $33,000 was arrived at later. In a letter to Mr. Fridley from Mr. Morse after the closing, the $200 an acre figure was repeated. In subsequent testimony, Mr. Morse was not permitted to testify to his opinion of the value of the 33 acres he did not receive but did give his opinion as to the value of the land he did buy—$200 an acre. Objection to that testimony was overruled.

MAI 4.03 was the model for respondents' damage instructions.[2] The Notes on Use

---

2. Those instructions read as follows:

INSTRUCTION NO. 5

If you find the issues in favor of the plaintiffs and against defendants Johnsons on plaintiffs' claim for damages on Count I, then you must award plaintiffs such sum as you believe was the difference between the actual value of the land on the date it was sold to plaintiffs and what its value would have been on that date had the land been as represented by defendants Johnsons in their General Warranty Deed.

INSTRUCTION NO. 6

If you find the issues in favor of plaintiffs and against defendant Norris Fridley on plaintiffs' claim for damages on Count II, then you must award plaintiffs such sum as you believe was the difference between the actual value of the land on the date it was sold to plaintiffs and what its worth would have been on that date had the land been as represented by defendant Norris Fridley.

INSTRUCTION NO. 7

If you find the issues in favor of plaintiffs and against defendant Norris Fridley Real Estate,

for 4.03 direct that the instruction is to be used where a plaintiff is suing for misrepresentations and also may be used in breach of warranty cases if the plaintiff selects this measure of damages. The measure is referred to as the "benefit of the bargain" rule, to which Missouri courts have adhered for many years. *See Kendrick v. Ryus,* 255 Mo. 150, 123 S.W. 937 (1909), for a thorough discussion of the rule. For other cases following the rule, see 13A West's Missouri Digest, *Fraud,* 

In a case involving the application of this measure of damages, this Court noted that there was no expert testimony in the record as to the value of the farm in question if it had been as represented. "It [is] held, however, that the contract price is strong evidence of the value of the property if it had been as represented. Defendants do not contend that the 'as represented' value is any more than the cash contract price . . . ., and we will therefore adopt that amount as the value of the property if it had been as it was represented." *Smith v. Tracy,* 372 S.W.2d 925, 939 (Mo.1963).

The facts of this case fit within the model set out in *Smith* in that no one here contends that the "as represented" value is more than the contract price. Therefore, the contract price of $33,000 was strong evidence here of the value of the land if it had been as represented.

 Evidence of the actual value of the land was supplied by Mr. Morse's testimony that the value of the land he bought was $200.00 an acre. Computations based on the damage instructions and the evidence as to value yield a result of $7,234.00 [$33,000 (value as represented) minus (128.83 × $200) (number of acres actually received times the value per acre)]. The greatest amount returned by the jury on either count, however, was $7,125. It would thus appear that the damage instructions were supported by competent and substantial evidence, and any error claimed in the jury's computation of damages inured to appellants' benefit and therefore was harmless.

Appellants' next complaint wherein it is asserted that instructions were given on a count in the petition that was dismissed and therefore were confusing, misleading and not supported by the evidence has been examined and found to be totally without merit and is denied summarily.

 It also is asserted that the trial court failed to give MAI 2.02, "facts not assumed" instruction, at the time required by the Notes on Use. The instructions in this case apparently were given in numerical order. A total of thirteen instructions was given, and MAI 2.02 was No. 11. No. 12 was MAI 3.01, the burden of proof instruction. No. 13 was the nine-twelfths verdict instruction as set out in the MAI 36.00 series, modified by the addition of a paragraph stating, "You are instructed that you should return separate verdicts on Count I and Count II of plaintiffs' petition." The forms of verdict followed thereafter.

*Crystal Tire Co. v. Homes Service Oil Co.,* 525 S.W.2d 317 (Mo. banc 1975) is urged by appellants as dispositive of this issue. In that case, the plaintiff sued two defendants for fire and explosion damage to property on the *res ipsa loquitur* theory. The two defendants cross-claimed against each other, each cross-claim being in two counts. One count in each cross-claim sought indemnification on a passive-active negligence theory. The other count of each sought recovery for the fire damage based on specific negligence. Twenty-three instructions were submitted to the jury. On appeal, the record was unclear as to the sequence in which the instructions were given, but it was decided that they were given in numerical order. That being the case, twenty instructions separated the giving of MAI 2.02 from the verdict forms. The Court said in that instance: "The number and nature of the several factual issues in this case illustrate the need for the giving of this instruction at this point required

Inc. on plaintiffs' claim for damages on Count II, then you must award plaintiffs such sum as you believe was the difference between the actual value of the land on the date it was sold

to plaintiffs and what its worth would have been on that date had the land been as represented by defendant Norris Fridley.

by its Notes on Use. Since it has not been made clear that no prejudice could have resulted from the failure to give this instruction at the point required, the error is presumptively prejudicial." Rule 70.02(c) provides that in the event of a deviation from MAI the prejudicial effect is to be judicially determined.

*Crystal Tire* has been distinguished by other courts of this state on the basis of the complex nature of that case. *See, Doyle v. St. Louis-San Francisco Ry.,* 571 S.W.2d 717 (Mo.App.1978); *State v. Billingsley,* 534 S.W.2d 484 (Mo.App.1975). We conclude that such a distinction is warranted in this case as well. Only one instruction separated MAI 2.02 from the verdict forms, and that instruction dealt with the plaintiffs' burden of proof. The burden-of-proof instruction did not make reference to any "fact" which normally would be the focus of MAI 2.02. The intervention of such an instruction could not have served to confuse or mislead the jury or place any burden on the appellants and as such was not prejudicial.

The remaining three points will be dealt with simultaneously. The trial judge proposed the forms of verdict and asked if there were any objections to the forms in conjunction with Instruction 12 (burden of proof) and Instruction 13 (nine-twelfths verdict). One of the defense counsel replied "no" and the other said he would object to the two verdict-directors for recovery by respondents. "There are two which I believe talk about recovery on behalf of the plaintiffs in this case. It is the opinion of the defendant that they should not be eligible. We're talking about breach of warranties or misrepresentation but for the defendants to do this, there's a multiplicity here of possible recovery, and I think the two verdict-directors is an error on the part of this Court. I would object to the giving of the two verdict-directors."

Appellants contend that the forms were confusing and misleading, failed to resolve all the issues as to all the parties, failed to follow MAI 36.05, resulted in judgments that are excessive, ambiguous, and unsup-

ported by the evidence and allowed respondents a double recovery. In the court of appeals opinion, written by Dowd, J., this case was characterized as one in which the plaintiffs sustained one injury for which they had independent remedies against different parties. *See,* 116 A.L.R. 601. This characterization is accurate, and respondents stated in oral argument before this Court that they were entitled to only one satisfaction not to exceed $7,125, but that they were entitled to pursue both defendants for that satisfaction.

Nevertheless, appellants claim that the verdict is unclear as to the liability of the defendants and the amount thereof. The forms of the verdict submitted to the jurors gave them the options of finding against the Johnsons, finding in favor of the Johnsons, finding against Fridley and his firm or finding for all defendants. The jury returned verdicts against all the defendants, clearly establishing their liability. Because respondents sustained only one injury for which they may recover and because the jury returned verdicts against all defendants, each defendant (here an appellant) is liable for that recovery.

 In construing the verdict and judgment, a few general rules must be observed. These rules have been set out in many cases but can be found neatly collected in *McIlvain v. Kavarinos,* 212 S.W.2d 85, 89 (Mo.App.1948), and include the following: (1) That the verdict must be clear and unambiguous so that a judgment may be written upon it without resorting to inference or to construction; (2) that if from a consideration of the whole record the meaning of the jury can be made clear and the judgment is based upon what the jury actually found, it will be upheld; (3) that verdicts should be construed to give them effect if it can reasonably be done; (4) that the jury's intent is to be arrived at by regarding the verdict liberally and (5) although defective in form, if a verdict substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party, it is sufficiently certain.

*See also, Thorne v. Thorne,* 350 S.W.2d 754 (Mo.1961).

In applying these rules to the verdicts and judgments in this case, we find that, although inartfully drafted, the verdicts are unambiguous in their finding of liability on the part of all defendants (appellants here). Also clear is the jury's intent to award respondents an amount in keeping with Mr. Morse's testimony as to the number of acres he and his wife were shorted (thirty-three) and the price per acre they paid for the parcel ($200.00), plus the cost of the survey they commissioned to determine the exact acreage they had bought ($525.00). However, as respondents conceded in oral argument, they cannot recover, under the verdict, more than $6,600.00 from the Johnsons and they are not entitled to recover the survey cost from Norris Fridley and his agency because no submission for that amount was made to the jury in instructions. Therefore, because appellants presented no contrary evidence and because the jurors obviously believed Mr. Morse's testimony as to the shortage and price per acre by reason of their verdicts, the $6,600 total is not excessive and is supported by the evidence. The $6,600 total is less than the award would have been had the jury computed damages according to the measure set out in the instructions, but a jury has great leeway in assessing damages. *Crawford v. Smith,* 470 S.W.2d 529, 533 (Mo. banc 1971). This Court can find no prejudicial error involved in the circumstances of this case, and the cause is ordered remanded to the trial court with directions to enter a new judgment against all defendants in the amount of $6,600, plus lawful interest thereon from date of rendition of the original judgment in the trial court in compliance with § 512.160(4), RSMo.

All concur.