**Devon CAMPBELL and Sue Fuge, Plaintiffs-Appellants,**

v.

**Carl KELLEY, Defendant-Respondent.**

**No. 68057.**

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Rehearing Denied Dec. 16, 1986.

John G. Newberry, Springfield, for plaintiffs-appellants.

HIGGINS, Chief Justice.

Plaintiffs sued Carl and Sherry Kelley for the amount of principal, interest and attorney's fees on a promissory note. They dismissed as against Sherry Kelley at trial. The jury returned a verdict in favor of plaintiffs but did not award any damages. The circuit court entered judgment for plaintiffs for zero dollars; the Court of Appeals affirmed. Reversed and remanded with directions.

Plaintiffs' suit was for the outstanding principal on an $8500 promissory note plus 10% interest and attorney's fees. The note represents the unpaid balance of a real estate commission plaintiffs charged for arranging the sale of respondent's dairy farm. They received only one payment on the note. Defendants denied plaintiffs' representation of the agreement as a promissory note and claimed that the payment of the $8500 was contingent upon the buyer's continued payments for the farm. They also asserted the defenses of accord and satisfaction, failure of consideration and breach of plaintiffs' fiduciary duty.

Plaintiffs' verdict directing instruction told the jury to find for them if they proved all four elements of their cause of action. Defendant's verdict directing instruction, No. 7, mandated the opposite verdict if the jury found that defendant "did not give his promissory note to plaintiff[s]." Plaintiffs submitted a separate instruction which required the jury to award the principal and 10% interest if they found for plaintiffs and gave the jury the option of awarding attorney's fees.

After the jury began its deliberations, two questions were sent to the judge. The first asked, "Are we locked in, or is this a promissory note, or can we go on intent?" The second asked, "If we find in favor of plaintiff[s], must we award the full amount or may we compromise on the amount?" Each time the judge referred the jury to the instructions. The jury eventually returned a verdict in favor of plaintiffs, but

answered "none" throughout the damage assessment portion of the verdict form.

Appellants contend that the trial court should have granted their motion for a directed verdict or their post-trial motions for a new trial or a judgment notwithstanding the verdict; that the jury rendered an improper verdict when it failed to impose damages after finding for plaintiffs; and that the amount of damages became a matter of law once the existence of the promissory note was established.

The court of appeals founded its affirmance on a recital that appellants could not complain about the verdict because they submitted the form on which the jury made its findings.

This Court clarified the timing requirements for objections to inconsistent verdicts in *Douglass v. Safire,* 712 S.W.2d 373 (Mo. banc 1986). Under that case, parties must object to an inconsistent verdict before the court dismisses the jury even when the inconsistency causes the verdict to self-destruct. A failure to object timely waives post-trial objections to the inconsistency. The *Douglass* decision, however, did not address the problem of what judgment to order once the party waived his inconsistency objection.

■■■■ General rules governing the interpretation of verdicts apply in these situations. Verdicts should be reasonably clear and definite so that the court may order a judgment without inference. *Morse v. Johnson,* 594 S.W.2d 610, 616 (Mo. banc 1980); *Robinson v. Riverside Concrete, Inc.,* 544 S.W.2d 865, 871 (Mo.App.1976). The court should look at the entire record to discern the intent of the jury. Liberal regard should be given to the verdict so that the court may give it effect whenever possible. *Haley v. Byers Transportation Company,* 394 S.W.2d 412, 415 (Mo.1965). The verdict is sufficiently certain if it finds substantially on the question in issue. *Morse,* 594 S.W.2d at 616. The cause of action sued upon will also affect the way in which the court resolves the inconsistency. In suits involving unliquidated damages where the jury finds for plaintiff but does not award damages the federal courts treat the verdict as one for the defendant, *Haley,* 394 S.W.2d at 416. This result logically follows in negligence claims where unliquidated damages are an element of the cause of action, *Pietrowski v. Mykins,* 498 S.W.2d 572 (Mo.App.1973). This result does not follow in a suit on a promissory note.

Plaintiffs' verdict directing instruction set out the four elements of their cause of action. The court instructed the jury to find for them if:

First, defendant gave his promissory note to Plaintiffs, and

Second, he did so after receiving consideration for his promise to pay, and

Third, that time for paying said note has passed, and

Fourth, plaintiffs have made demand for payment, but defendant has failed to pay,

Unless you believe plaintiffs are not entitled to recover by reason of Instruction No. 7.

■■■ Instruction No. 7, as previously noted, attacked only the first element of plaintiffs' verdict directing instruction. The jury's questions stemmed as likely from respondent's poorly prepared verdict directing instruction which completely ignored affirmative defenses. It also failed to instruct the jury on the claim that the note was contingent upon the buyer's payments. The form of defendant's verdict directing instruction narrowed his defense to whether the agreement in question constituted a promissory note. Once the jury determined the only issue submitted in favor of plaintiffs, the amount of principal and interest due became a mathematical calculation. *Home Trust Co. v. Josephson,* 339 Mo. 170, 95 S.W.2d 1148 (1936). When the amount of damages is not in controversy and the defenses fail as a matter of law, the trial court may direct a verdict for the plaintiff. *Id.* Although the *Home Trust* case dealt with a situation where the defenses failed as a matter of law, the same result may follow where the jury makes a

finding in favor of plaintiff on the issue of liability but awards less damages than mandated under the agreement. *Polen v. Kansas City Chip Steak Co.*, 404 S.W.2d 416 (Mo.App.1966); *Allison v. Mountjoy*, 383 S.W.2d 314 (Mo.App.1964). Where the note contains the rate of interest the court may calculate the interest due on the principal. *Hamra v. Boone County Development Co.*, 602 S.W.2d 721 (Mo.App.1980). The terms of the note also provided for the award of attorney's fees, and plaintiffs presented undisputed evidence as to the amount of their attorney's fees. The court, as an expert on attorney's fees, may award reasonable amounts as a matter of law. *Oberkrom v. Oberkrom*, 608 S.W.2d 449 (Mo.App.1980), *Carondelet Savings & Loan Association v. Boyer*, 595 S.W.2d 744 (Mo.App.1980).

The jury's intent becomes clear when the verdict and the instructions are considered together. While the jury may have had reservations about certain aspects of plaintiffs' case, it clearly found that defendant executed a promissory note. Respondent cannot complain if his verdict directing instruction did not clearly submit his defenses to the jury. Once the jury found for plaintiffs, their damages in the form of principal, interest and attorney's fees followed as a matter of law. The court may calculate these amounts and enter judgment accordingly.

Remanded with direction to assess damages for appellants for the unpaid principal, interest and reasonable attorney's fees.

BILLINGS, BLACKMAR and RENDLEN, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

WELLIVER and ROBERTSON, JJ., dissent and concur in separate dissenting opinion of DONNELLY, J.

DONNELLY, Judge, dissenting.

I would reverse and remand for trial of all issues. *Jenkins v. McShane*, 539 S.W.2d 752 (Mo.App.1976).

I respectfully dissent.