**ROARK MOTOR LODGE INTERVAL SALES CORPORATION, Appellant,**

v.

**Robert J. LINDNER, et al., Respondents.**

**No. 55291.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied Dec. 12, 1989.

Charles J. McMullin, St. Louis, for appellant.

William R. Gartenberg, Clayton, for respondents.

SIMON, Chief Judge.

Plaintiff, Roark Motor Lodge Interval Sales Corporation (Roark), appeals the judgment entered on the jury's verdict against defendants, Robert J. Lindner and Gabriella Lindner (Lindners), for the principal balance due on their promissory note, interest and attorney fees. The jury awarded $500.00 on the principal, no interest and attorney fees of $2000.00. Roark had sought judgment for $11,925.45 in its petition and $8,327.17 at trial.

On appeal, Roark contends that: (1) the jury erred in not awarding the correct dollar amount of plaintiff's damages which were undisputed, although the jury correctly found for plaintiff and against defendants on their counterclaim, and the trial court erred in failing to correct the amounts in the Verdict Form A to conform with plaintiff's uncontradicted proof, testimony, and evidence as to the dollar amount of plaintiff's damages; (2) the jury properly found for plaintiff on its promissory note but failed to enter the correct amount of principal, prejudgment interest, and attorney fees in Verdict Form A compelling the trial court to enter the correct amounts under the authorities which he failed to do;

(3) plaintiff's damages were uncontroverted by defendant, hence the jury verdict must be corrected to reflect the true amount of damages proven by plaintiff's testimony and evidence. We affirm.

We have been provided with an abbreviated record on appeal which reveals the following facts.

On July 16, 1983, Lindners signed a promissory note secured by a deed of trust for $10,900.00 and agreed to a down payment of $1,000.00 in connection with their purchase of two weeks at a time share resort owned by Roark in Branson, Missouri. They had made their down payment and three payments on this note, totalling approximately $1560.00, when they decided to upgrade to a better unit for approximately $3,000.00.

On January 13, 1984, Lindners signed a new promissory note for $12,340.00, secured by a deed of trust, on the upgrade unit. This note provided for ten percent interest with payments of $164.35 per month beginning on January 16, 1984. The note also provided for five percent penalty interest.

Lindners made three payments on this note in the spring of 1984, the amounts of which were disputed at trial. Lindners failed to make further payments on their note. After Lindners defaulted on their note, the Trustee on the deed of trust foreclosed on the property. At the Trustee's sale on January 4, 1985, Roark bought the property for $6,000.00. At trial, there was a dispute as to whether Roark followed proper demand and notice procedures.

Following the foreclosure sale, Roark brought suit to recover the deficiency due on the note. Roark's petition alleged that this balance was $11,925.00 plus ten percent interest, five percent penalty interest, and reasonable attorney fees. In their answer, Lindners denied all of the allegations and filed a three count counterclaim in which Count I alleged misrepresentation, Count II alleged sale by misleading advertising, and Count III alleged profiteering from an illegal lottery. Roark responded by essentially denying Lindners' allegations.

At trial, Roark's president, Gary Snadon, testified as to the calculation of the deficiency balance remaining on the note. Mr. Snadon testified that Lindners received credit for the $6000.00 sale proceeds against the $12,340.00 note, leaving a principal balance of $6340.00. He testified that ten percent interest was calculated on this figure, leaving a total deficiency balance of $8741.72.

Lindners' attorney elicited in cross-examining Mr. Snadon, that this figure did not account for three payments made in the spring of 1984 amounting to $562.52. Thereafter, Roark's attorney subtracted $414.00 from the deficiency balance which reduced the amount asked for in recovery on the note to $8,327.17. Lindners did not agree with this reduction.

Roark's attorney testified that he expended 98 hours of legal services on the note excluding trial, and that his fee was $75.00 per hour, totalling $7,350.00. On cross-examination, Lindners' attorney raised a question as to the validity of some entries on the time sheets as not representing actual work performed. Additionally, there was a dispute over the sufficiency of Roark's attorney's time sheets and office recording and filing system.

In closing argument, Roark's attorney again asked for recovery on the note in the amount of $6,340.00 on the principal and $1,987.17 interest, for a total of $8,327.17 plus attorney fees of $7,350.00. Lindners' attorney, in his closing argument, disputed the amount due on the note.

In its verdict, the jury found in favor of Roark and against Lindners on their counterclaim awarding Roark $500.00 on the promissory note principal, no interest, and $2000.00 for attorney fees. The trial court denied Roark's Motion to Correct the Jury Verdict, or in the Alternative, to Set Aside Errors, and for Judgment Notwithstanding the Verdict, or in the Further Alternative, for New Trial on the Issue of Damages Only.

■ On review, we view the evidence in the light most favorable to the verdict, considering only that which supports it, and disregarding contrary evidence and in-ferences. *Lane v. Cape Mutual Ins. Co.*, 674 S.W.2d 644, 645[1] (Mo.App.1984).

■ The jury is the sole judge of the credibility of the witnesses and the weight and value to be given their testimony and can believe or disbelieve any part of that testimony. *Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 111[4] (Mo.App.1984). Further, the amount of damages awarded to a successful party is primarily for the jury, and its broad discretion in fixing the amount is conclusive on appeal, especially where the verdict has the approval of the trial court as evidenced by its overruling a motion for new trial. *Parker v. Pine*, 617 S.W.2d 536, 541[12–14] (Mo.App.1981). Before a jury verdict for damages will be set aside or adjusted, its assessment of damages must be so shockingly meager as to indicate that it resulted from arbitrary or prejudicial exercise of discretion. *Id.*

Although Roark raises three points on appeal, there is essentially one issue presented, that is whether the trial court erred in failing to correct the amount of the jury award in entering its judgment.

In support of its argument, Roark relies on *Campbell v. Kelley*, 719 S.W.2d 769 (Mo. banc 1986) for the proposition that once the jury found for Roark on the note, its damages in the form of principal, interest and attorney fees followed as a matter of law, and the trial court should have entered judgment in the amount asked for by Roark.

In *Campbell*, plaintiffs brought suit for the amount of principal, interest and attorney fees on an alleged promissory note. The defendant asserted the affirmative defenses of accord and satisfaction, failure of consideration and breach of plaintiffs' fiduciary duty, and denied plaintiffs' representation. Defendant also alleged that the agreement was not a promissory note. The plaintiffs' verdict directing instruction required the jury to find for plaintiffs if they believed the propositions set forth. Further, plaintiffs submitted a separate instruction requiring the jury to award the principal and ten percent interest if they found for plaintiffs and giving the jury the option of awarding attorney fees. The de-

fendant's instruction mandated the opposite verdict if the jury found that defendant "did not give his promissory note to plaintiff[s]." The jury returned a verdict in favor of plaintiffs, but answered "none" as to damages on the verdict form. The trial court entered judgment for zero dollars.

Our Supreme Court, in reversing and remanding with direction, concluded that:

> The jury's intent becomes clear when the verdict and the instructions are considered together ... Once the jury found for plaintiffs, their damages in the form of principal, interest and attorney's fees followed as a matter of law.

*Id.* at 772[4, 5].

In arriving at its conclusion, our Supreme Court recognized certain principles governing the interpretation of verdicts: (1) verdicts should be reasonably clear and definite so that the court may order a judgment without inference; (2) the court should look at the entire record to discern the jury's intention and liberal regard should be given to the verdict so that the court may give it effect whenever possible; (3) the verdict is sufficiently certain if it finds substantially on the question in issue; (4) the nature of the cause of action will also affect the way in which the court resolves the inconsistency. *Id.* at 771[1–3]. (citations omitted).

In *Campbell*, the issue for the jury was clearly framed by the verdict and instruction. There is no indication that a dispute existed as to the note's principal which remained constant at $8500.00.

■ Here, we are not so informed. The legal file contains only Verdict Forms A and B. No verdict directing instructions on Roark's claim and Lindners' counterclaim, affirmative defense instructions, converse instructions, nor damage instructions have been included in the legal file. Attached as an appendix to Lindners' brief are instructions denominated as Instruction 7, a plaintiff's verdict director tracking MAI 26.04 with a tail referring to Instructions 8 and 9, and Instruction 10, a damage instruction tracking MAI 4.01. It is not clear if these instructions were in fact given to the jury. Therefore, we shall not consider this appendix as a part of the record on appeal. Rule 81.12(a), (c). Thus, we are only able to determine with certainty that the jury returned its verdict in favor of Roark's claim and against Lindners' counterclaim.

In its petition, Roark prayed for judgment in the amount of $11,925.45 as the unpaid principal. At trial, Roark asked to recover $6,340.00 principal plus ten percent interest, for a total of $8,741.00. Roark's president adjusted this amount by $414.00 to account for three payments totalling $562.52. Lindners continued to dispute the amount due.

■ Therefore, without the instructions guiding the jury in its verdict, and in light of the uncertainty and dispute surrounding the damages, we cannot say that the trial court erred in failing to alter the jury's verdict as to the amount of damages for principal and interest.

Finally, Roark contends that the trial court erred in failing to set aside or increase the amount of attorney fees awarded by the jury. At trial and in its petition, Roark asked for attorney fees of $7350.

■ Our review of the record indicates a dispute as to the manner of accounting and method of calculating the attorney fees. We note that a trial judge is deemed an expert on the reasonable value of legal services. *Ozark Production Credit Ass'n v. Walden*, 695 S.W.2d 919, 922[2, 3] (Mo. App.1985). Therefore, considering the evidence and the trial judge's approval of the jury's award, we cannot say that the trial court erred in failing to set aside or increase the award of attorney fees.

In light of the above and considering the discretion invested in the jury and the approval of the verdict by the trial court, we find the trial court did not err in failing to set aside or increase the verdict. *See La-Martina v. Hannah*, 675 S.W.2d 444, 447[3–7] (Mo.App.1984).

Judgment affirmed.

DOWD, P.J., and HAMILTON, J., concur.