**MILLER COUNTY, and Miller County Commissioners, Larry Kallenbach, Wyeth Bond, and Steven Perkins, Appellants,**

v.

**Lloyd GROVES and Mary Groves, Respondents.**

**No. WD 43125.**

Missouri Court of Appeals, Western District.

Jan. 8, 1991.

Robert James Seek, Tuscumbia, Ralph Max Humphreys, Jefferson City, for appellants.

David A. Yarger, Versailles, for respondents.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellants, Miller County and Miller County Commissioners Larry Kallenbach, Wyeth Bond and Steven Perkins, appeal the decision of the trial court granting respondents, Lloyd and Mary Groves, a directed verdict.

Appellants here were plaintiffs below in an effort to have a quit claim deed set

aside. The deed in question conveyed title to certain property, previously held in the county's name, from the county to Lloyd Groves and his wife, Mary Groves. The land in question had been owned by Lloyd and Mary Groves prior to the time that Miller County became the owner thereof.

On April 9, 1971, Lloyd and Mary Miller deeded land owned by them to the State of Missouri and received payment from the State in the amount of $41,000. The State had acquired the land by and through the Missouri Highway and Transportation Commission for the purpose of relocating Missouri Highway 54 and a local public road. Upon completion of the relocation, the State deeded the property in question to Miller County. The quit claim deed conveying the property to Miller County stated that it was for the purpose of maintaining a public road.

On November 18, 1985, Lloyd Groves and Henry Bodine signed a request asking that the Miller County Commission convey the property in question to Lloyd and Mary Groves. At the time of this request, Lloyd Groves and Henry Bodine were Commissioners of the Eldon Special Road District of Miller County.[1]

On the same date as the request, November 18, 1985, the then county commissioners, Paul Meredith, Paul Adams and Peggy Smith Hake, executed a quit claim deed conveying the property to "Lloyd L. and Mary H. Groves". The deed from Miller County to Lloyd and Mary Groves was for the purpose stated in the deed of maintaining a public road.

On January 12, 1988, the first pleading herein was filed asking that the quit claim deed of November 18, 1985, from Miller County to Lloyd and Mary Groves be set aside. The initial pleading was filed by the prosecuting attorney of Miller County. Miller County was the only party plaintiff. The initial petition was filed without authorization by the Miller County Commission.

Thereafter on September 14, 1989, with leave of court, a First Amended Petition was filed. The amended petition sought the same relief as the first petition and added as plaintiffs Larry Kallenbach, Wyeth Bond and Steven Perkins who were the then Miller County Commissioners. This First Amended Petition was authorized to be filed by and on behalf of the Miller County Commission.

On February 7, 1990, a hearing was held on appellants' petition and the court directed a verdict against appellants and in favor of respondents.

■ In their first point on appeal, appellants argue that the trial court erred in ruling that the action was barred by the statute of limitations applicable to suits against public officials.

The trial court's order in this regard creates some confusion. In the pertinent part of its judgment entry the trial court held as follows:

"... any actions against Lloyd L. Groves in his official capacity are barred by the Statute of Limitations set out in Section 516.130, R.S.Mo., 1986.

The Amended Petition alleges joint causes of action. On its face as filed, all allegations against Defendants Lloyd L. Groves and Mary Groves are a result of actions put in action by Defendant Lloyd L. Groves as a special road commissioner. If you separate out of the First Amended Petition the allegations that the County had no authority to convey the County lands, and consider the action as such, then the court again considers this in the light most favorable to Plaintiff."

The record reflects that Lloyd Groves was sued as an individual. No relief was requested against Lloyd Groves in his capacity as a public official. The "joint causes of action" referenced in the trial court's judgment are not found in appellants' First Amended Petition. Although

1. Chapter 233, RSMo 1986, provides for the establishment of special road districts in certain Missouri counties for the purpose of maintaining and improving roads within the district. These districts are overseen by three special road district commissioners who are appointed to their positions upon original organization of a special road district and thereafter elected for a given term.

both appellants' original petition and first amended petition allege that Lloyd Groves was a commissioner of the Eldon Special Road District at the time he applied to have the property transferred to him and his wife, the action was not upon a liability incurred by Lloyd Groves in his official capacity. No damages were sought against Lloyd Groves in an official or unofficial capacity. Appellants' action was to set aside the deed passing title to Lloyd and Mary Groves as individuals. This action was not barred by § 516.130, RSMo 1986.[2]

Appellants' second point brings to bear the decisive issue. In their second point, appellants argue that the trial court erred by finding that without evidence of fraud, there was a failure of proof to set aside the deed in question.

The public has an easement in land held for public streets and the government holds title to such easement in trust for the public's use. *City of Camdenton v. Sho–Me Power Corp.*, 361 Mo. 790, 237 S.W.2d 94, 98 (1951). Conveyance of title to property held for maintaining public streets, to private individuals, for the express purpose of delegating the responsibility for maintaining public streets to private individuals, is an invalid transfer. Such a conveyance is a breach of the trust in which the land is held.

When damages are not in controversy and defenses fail as a matter of law a verdict may be directed for the plaintiff. *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986).

The trial court erred by holding that without evidence of fraud, the deed in question could not be set aside. No damages were at issue and there was no dispute as to the authenticity or the terms of the deed. As a matter of law the deed was invalid.

The judgment of the trial court is reversed and in accordance with Rule 84.14 it

is ordered that the quit claim deed from Miller County to Lloyd and Mary Groves dated November 18, 1985, be and hereby is declared invalid.

All concur.

2. Section 516.130, RSMo 1986, is a three year statute of limitation applicable under paragraph (1) thereof to "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, ..."