Jean A. **PEGLER,** Appellant,

v.

William G. **MAY,** Respondent.

No. 60349.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Terry A. Bond, Vines, Ross, Kraner & Rubin, Clayton, for appellant.

Daniel E. Wilke, Dean R. Gallego, Brinker, Doyen, Kovacs & Wilke, P.C., Clayton, for respondent.

SMITH, Judge.

Plaintiff appeals from a judgment based upon a jury verdict in favor of defendant in this personal injury action resulting from a single vehicle automobile accident. We affirm.

Plaintiff was a back seat passenger in a Ford Bronco automobile operated by defendant. Defendant crested a hill on Highway 30 and observed an automobile 150 to 200 feet ahead of him stopping and pulling to the right shoulder. He also observed an emergency vehicle approaching from the opposite direction. Defendant testified that he hit the brake pedal and the Bronco began "fishtailing". He attempted to regain control of the vehicle but was unable to do so. The Bronco eventually became airborne and rolled over at least once. Plaintiff was thrown from the vehicle and sustained injuries. Defendant testified that he did not know what caused the Bronco to begin fishtailing. The case was submitted to the jury on the proposition that defendant failed to maintain a proper lookout or failed to stop and that such conduct was negligent and resulted in plaintiff's injuries.

■ Plaintiff's two points on appeal both raise the same issue, that the verdict is against the weight of the evidence. Plaintiff contends that it is also unsupported by any believable evidence. A jury verdict will not be overturned on appeal unless there is a complete absence of probative facts to support the verdict. *Steif v. Limpiphiphatn,* 814 S.W.2d 695 (Mo.App.1991) [1]. It is within the exclusive province of the trial court to determine whether the verdict was against the weight of the evidence. *Id.* at [1, 2]. The evidence must be viewed in the light most favorable to the verdict and the burden is on the plaintiff to adduce evidence from which a jury may find negligence. The jury is the judge of the credibility of the witnesses and it may find against the party having the burden of proof even where the evidence is uncontradicted. *Roark Motor Lodge Interval Sales Corp. v. Lindner,* 779 S.W.2d 684 (Mo.App. 1989) [2–4].

■ There is no absence of probative facts in this case to support the verdict. Defendant testified that he observed the vehicles ahead stopping at a sufficient distance to have stopped. He attempted to stop and for reasons unknown to him the Bronco went out of control and crashed. The jury could have found, and apparently did, that defendant did not negligently operate his motor vehicle and that the accident was not the product of his negligence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CHARLES B. BLACKMAR, Senior Judge, concur.