WILLIAM C. RANNEY, Respondent, v. HERMAN BADER, Appellant.

1. *Practice, civil — Verdict — Counts — Causes of action.* — Where a petition contains two counts, each embracing a separate cause of action, a general verdict is erroneous. But where the two counts embraced the same cause of action, and plaintiff elected to rest upon one of them, a verdict responsive to that count is proper.

2. *Practice, civil — Verdict — Surplusage, what may be treated as.* — In rendering judgment on a verdict, the court should reject as surplusage that part of the finding which fixes the amount of interest. It is never held to be error to reject as surplusage any statement in a verdict that does not affect the real finding, and enter judgment upon such finding.

*Appeal from Cape Girardeau Circuit Court.*

*G. H. Green*, with *T. C. Fletcher*, for appellant.

The verdict was not merely informal, but defective. It was not certain, positive and free from ambiguity. Hence it was void. (3 Gra. & Wat. N. T. 1378, 1380-2; Murray v. King, 8 Ired. 528.) It was not responsive to the issues. (Gra. &

Wat. N. T. 1384 *et seq.*) The clerk could not make the motion to elect part of the record. (United States v. Gamble, 10 Houck, 459.)

*L. Houck*, for respondent.

The order of court compelling plaintiff to elect was a part of the record. (Mortland v. Holton, 44 Mo. 64.) The verdict was good. (State v. Rombauer, 44 Mo. 594. The finding as to interest was surplusage. (State v. Knight, 46 Mo. 84; Dunlap v. Hayden, 29 Ind. 303.) A court will not disturb an irregular verdict, where justice has been done — (3 W. Bl. 1221) where it is certain what the jury intended (Hawks v. Cupton, 2 Burr. 698) — upon a merely formal objection. (Cogswell v. Brown, 1 Map. 237.) The cases of Murray v. King, 8 Ired. 52, and Dozier v. Jarman, 30 Mo. 220, are really in point for respondent.

BLISS, Judge, delivered the opinion of the court.

This suit was brought for damages for taking personal property, and the judgment is objected to by defendant in consequence of alleged indefiniteness in the verdict.

1. There were two counts in the petition, and a general verdict was given for the plaintiff. Under our system, which requires, when more than one cause of action is being prosecuted, that each cause be separately stated, and with the relief sought, so as to make a complete petition of itself, it is held that the verdict must be responsive to each statement, and that a general verdict is erroneous. (Brownell v. Pacific R.R. Co., 47 Mo. 239, and cases cited.) But this petition evidently contained but one cause of action in two counts, and for that reason the plaintiff was ordered by the court to elect upon which count he would proceed. He elected to rest upon the second, and hence the verdict is only responsive to the cause of action stated in that count.

2. The verdict itself is alleged to be indefinite. It is as follows: "We, the jury, find for the plaintiff, and assess his damages at $293, with six per cent. interest." Upon this verdict the court rendered judgment for $293, saying nothing about the

interest, treating that part of the verdict as surplusage. The correctness of this action of the court is manifest, for the law fixes the interest in accordance with the verdict; and the finding in that regard did neither good nor harm. In Dozier v. Jarman, 30 Mo. 216, a similar verdict was rendered, except that interest was to be computed from a past day, and the trial court rendered judgment for a sum which included the amount found by the jury and such interest. This court held the judgment to be erroneous, and that, though interest might be allowed, if allowed it should be included in the estimate of damages; but, disregarding so much of the verdict as related to interest, proceeded to render judgment for the amount specifically assessed, precisely as was done below in the case at bar.

The general principles of law urged by appellant's counsel in relation to certainty required in verdicts are correct, but they were not disregarded in this judgment. It is common to reject as surplusage any statement in a verdict that does not affect the real finding, and enter judgment upon such finding, and to do so has never been held to be error. (State v. Knight, 46 Mo. 83.)

Judgment affirmed. The other judges concur.