ELIZABETH GOEDECKE v. MARY LINDHORST et al., Appellants.

Division Two, June 3, 1919.

1. **WILL CONTEST:** Verdict For Proponents: Peremptory Instruction: New Trial. Where the proponents produce substantial evidence establishing testator's testamentary capacity and lawful age and that his will was duly executed, and contestants produce no substantial proof tending to show testamentary incapacity or that the will was the result of undue influence, it is the duty of the court to direct a verdict establishing the will; and if such instruction is given and a verdict sustaining the will is returned, the court is not authorized to grant a new trial to contestants on the ground that it erred in giving the instruction.

2. ———: ———: Harmless Error in Peremptory Instruction: New Trial. Where the evidence required the court to give a peremptory instruction to return a verdict sustaining the will, the fact that the court embodied in said instruction a direction to find that contestant was a child of testator did not authorize the granting of a new trial, because if this was error it was not error of which contestant can complain.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas L. Anderson*, Judge.

Reversed (*with directions.*)

*William Hilkerbaumer* and *Jourdan, Rassieur & Price* for appellants.

(1)   In a will contest after the proponents have proven the due execution of the will, and that the testator was of age, and sane at the time, it is thereupon the duty of the court to direct a verdict sustaining the validity of the will in contest, unless the contestant shall adduce substantial evidence tending to prove the mental incapacity of the testator or undue influence exerted over his mind at the time of the making of the will.   Turner v. Anderson, 260 Mo. 36;   Weston v. Hanson, 212 Mo. 266;   Southworth v. Southworth, 173 Mo. 73;   Fullbright v. Perry Co., 145 Mo. 443.   (2)   The testimony of a witness that in his opinion testator was of unsound mind, but giving no facts upon which such an opinion can be based, will be disregarded by the court, and such testimony alone does not constitute substantial evidence of mental incapacity in a will contest sufficient to take the case to the jury.   Thomasson v. Hunt, 185 S. W. 165;   Hahn v. Hammerstein, 272 Mo. 248; Sayre v. Princeton University, 192 Mo. 128;   Winn v. Grier, 217 Mo. 420;   Sehr v. Lindemann, 153 Mo. 288.   (3) If it were error for the court to direct a verdict that plaintiff was a child of Herman Thoele, it was in her favor.   She cannot complain of such.   (4)   Plaintiff made no objection and saved no exception to the action of the court on directing a verdict in her favor that

she was the child of Thoele. (5) The law is well settled that where the verdict of a jury contains any matter, or a finding upon an improper issue or matter, this surplusage or portion may be disregarded and it is the duty of the court to enter on such verdict, even though it contain improper matter, the judgment required in law. Ranney v. Bader, 48 Mo. 539; Poulson v. Collier, 18 Mo. App. 583; State ex rel. v. Knight, 46 Mo. 83; Buttron v. Bridell, 228 Mo. 622.

*Evan A. Smith* for respondent.

WILLIAMS, P. J.—This is a suit to contest the will of Herman Thoele, deceased. Upon a trial in the Circuit Court of the City of St. Louis the court directed the jury to return a verdict establishing the will. Plaintiff thereupon filed a motion for a new trial, which was sustained, and the defendants duly perfected an appeal.

Plaintiff in her petition alleges that she is the daughter and heir at law of the alleged testator.

Undue influence and the lack of sufficient mental capacity upon the part of the testator are the grounds upon which the validity of the will is attacked.

Separate answers were filed by different defendants. In some of the answers it was denied that plaintiff was the daughter and heir at law of the alleged testator. The allegations of the petition as to undue influence and lack of mental capacity were also denied, and it was alleged that the writing in question was the last will and testament of the alleged testator and the same was requested to be so declared by the court.

The evidence upon the part of the proponents tends very strongly to establish the validity of the will. By the will the plaintiff is given the sum of one dollar. The remainder of testator's estate, approximating one hundred thousand dollars, is devised and bequeathed to certain named devisees and legatees, including the wife, children and some of the grand-children of the testator.

The will was executed February 12, 1908. Testator died May 20, 1911. The will was duly admitted to probate in the City of St. Louis on June 6, 1911. Three witnesses who witnessed the will testified for the proponents. These witnesses were neighbors and acquaintances of the testator, had known him for years and had had more or less business dealings with him. From their testimony it appears that the unsigned will in typewritten form was brought to the testator's house by Mr. George W. Strodtman, a real estate agent who had collected rent for the testator; that the will was read over to the testator, paragraph by paragraph, and the testator would have the reader stop from time to time and have the language of the will carefully explained to him. The will was thereupon duly executed by testator.

At the time the will was executed testator was between 75 and 80 years of age and except for slight infirmities, due to age, was in good health and as one of the witnesses states, "His [testator's] mind was A-1."

Plaintiff (contestant) introduced about thirty witnesses. The greater portion of plaintiff's testimony was concerning her paternity. In the view we take of the case it is not necessary to detail the evidence on paternity.

Many of the contestant's witnesses testified on cross-examination that at the date of the execution of the will testator was of sound mind, knew who his children were and knew what property he owned. Some of the evidence indicated that the testator was a man of high temper and of a strong will-power.

No evidence of undue influence was offered by plaintiff.

The only witness for contestant who undertook in any manner to question the mental capacity of the testator was the son of contestant, who testified upon direct examination that at the time the will was executed testator "was of unsound mind." Upon cross-

examination, however, this witness testified that the testator "knew what property he had; he knew where it was located; he had quite a number of pieces distributed around the city and he knew where all of it was; he never had any confusion about it that I know of in all the time I was visiting him; he never forgot where the property he owned was. He had sufficient mind to know where his property was; he knew who his children were and he knew who his grand-children were; he could tell them by sight."

At the close of all the evidence the court of its own motion gave to the jury the following instruction:

"The court instructs you that upon the pleadings and evidence in this case Elizabeth Goedecke is the child of Herman Thoele and Mary Thoele, and the paper writing offered in evidence is the last will and testament of Herman Thoele, deceased, and your verdict must be accordingly."

Thereupon the jury returned the following verdict:

"We, the jury in the above entitled cause, find that the instrument offered in evidence dated February 12th, 1908, purporting to be the last will and testament of Herman Thoele, deceased, is the last will and testament of Herman Thoele, deceased, and that Elizabeth Goedecke is the child of Herman Thoele and Mary Thoele."

Thereafter and in due time plaintiff filed a motion for a new trial, and the defendants filed a motion requesting the court to disregard as surplusage that portion of the verdict finding that plaintiff was the child of the testator and to enter up judgment on the verdict establishing the will.

The court overruled defendants' motion to enter up judgment on the verdict, but sustained plaintiff's motion for a new trial, giving as ground thereof that the court erred in giving the peremptory instruction above set forth.

I. It is contended that the court erred in granting

Goedecke v. Lindhorst.

**New Trial.** a new trial. After a careful review of the entire record we are of the opinion that this point is well taken.

Substantial proof was offered by the proponents, establishing the testamentary capacity and lawful age of testator and that the will was duly executed. The contestant produced no substantial proof tending to show testamentary incapacity or that the will was the result of undue influence. The evidence touching upon these issues is fully stated in the foregoing statement and repetition of same is unnecessary here.

Upon the evidence disclosed by this record it was the duty of the trial court to direct a verdict establishing the will. [Southworth v. Southworth, 173 Mo. 59, l. c. 73 and cases cited therein; Teckenbrock v. McLaughlin, 209 Mo. 533, l. c. 539.]

II. The learned circuit court seemed to have been of the opinion that the peremptory instruction which he gave in this behalf was erroneous because it also directed the jury to find that contestant was **Harmless Error.** the child of testator, and for that reason granted a new trial. If this were error it was not an error of which contestant could complain, because it was in her favor. Appellants did not ask for a new trial.

Upon the evidence produced it was the duty of the court to direct a verdict establishing the will and the issue as to the paternity of contestant then became of no importance in the determination of the case. Under such circumstances the court might well have treated that portion of the verdict finding the parentage of complainant as surplusage and entered judgment upon the verdict establishing the will. [Ranney v. Bader, 48 Mo. 539, l. c. 541.]

From the foregoing it follows that the judgment should be reversed with directions to set aside the order granting a new trial and to enter up a judgment on the verdict establishing the validity of said will.

It is so ordered. All concur.