Virginia ROBERTS, et al.,
Plaintiffs/Appellants,

v.

Mark OBREMSKI,
Defendant/Respondent.

No. 53976.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1988.

**292**

Richard J. Hughes, St. Louis, for plaintiffs/appellants.

Paul E. Kovacs & James C. Thoele, Clayton, for defendant/respondent.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment based upon a jury verdict in favor of defendant in this skate and fall case. Plaintiff wife sued for her injuries and her husband sued for loss of consortium. We affirm.

Plaintiff wife was roller skating as part of a trio when she and the two others decided to leave the rink. As she was waiting to leave the rink, she was struck by an eleven year old girl skating in trio with defendant and another. Plaintiff sustained a fractured wrist when she fell after the collision. On appeal she raises only the contention that defendant's comparative fault instruction was erroneous in hypothesizing one of two grounds as negligence.

The verdict of the jury here specifically assessed defendant's fault at 0% and that of plaintiff at 100%. Plaintiffs' verdict directing instruction began "In your verdict you must assess a percentage of fault to defendant Mark Obremski, *whether or not plaintiff Virginia Roberts was partly at fault,* if you believe...." (Emphasis supplied). Defendant's converse instruction provided: "In your verdict on the claim of plaintiff Virginia Roberts you must not assess a percentage of fault to Mark Obremski unless you believe defendant Mark Obremski was negligent...."

We assume that a jury reads and follows all instructions. Where a jury, instructed as here by plaintiff's verdict-director, finds no fault on the part of defendant, an error in the comparative fault instruction is non-prejudicial as it is presumed the jury never reached the issue of plaintiff's fault. The reference to plaintiff's fault in the verdict "is not necessary to the general verdict and may be disregarded as surplusage." *Barnes v. Tools & Machinery Builders, Inc.,* 715 S.W.2d 518 (Mo.banc 1986) [2, 3]; *Koch v. Bangert Bros. Road Builders, Inc.,* 697 S.W.2d 315 (Mo.App.1985). We need not therefore reach plaintiff's contention of error in the instruction.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.