**Paul HITT and Bonnie Gay Hitt, Plaintiffs–Appellants,**

v.

**Richard MARTIN, Defendant– Respondent.**

No. 64248.

Missouri Court of Appeals, Eastern District, Division One.

March 1, 1994.

Richey, Rice, Spaeth, Heisserer & Summers, Joseph P. Rice, Cape Girardeau, for plaintiffs-appellants.

V. Kenneth Rohrer, Farmington, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiffs, Paul P. Hitt and Bonnie Gay Hitt, appeal from the judgment[1] of the trial court, entered pursuant to a jury verdict, in favor of defendant, Richard Martin. We affirm.

The evidence, viewed in the light most favorable to the verdict, established that on June 1, 1990, plaintiff[2] went to defendant's house to look at an automobile that he had approached defendant about purchasing. He informed defendant that he wanted to hear the engine run. Twice, defendant poured gasoline from a small container into the carburetor of the automobile and tried to start the engine. Although the engine turned over, plaintiff wanted "to hear it run longer." On the third try, plaintiff poured gasoline into the carburetor as defendant started the engine. The gasoline ignited and spilled on plaintiff, catching him on fire. Defendant told plaintiff to drop and roll on the ground and helped put out the fire. Plaintiff's back and arm sustained burns for which he received medical treatment. Some time after the incident, plaintiff experienced pain in his neck; on June 28, 1990, he underwent surgery to remove a ruptured disc from that area.

After a trial, the jury assessed zero percent of fault to defendant and zero percent of fault to plaintiff. The trial court entered judgment accordingly. The trial court subsequently overruled plaintiff's motion for new trial.

Plaintiff's sole point on appeal is that "[t]he trial court erred in overruling [his] motion for new trial in that there was no substantial evidence to support the jury's verdict finding no fault on the part of either plaintiff ... or defendant...."

The assertion of error, as stated, does not present an issue for review. First, denial of a motion for new trial is not an appealable order; but appeal must be taken from the judgment to which the motion was directed. *White v. Land Clearance for Redev. Auth.*, 841 S.W.2d 691, 694 (Mo.App. W.D.1992). Secondly, questions as to the weight of the evidence are not subjects of

---

1. We treat the judgment, which the trial court entered and from which plaintiffs appeal, as a judgment in favor of defendant. After the jury rendered its verdict, the trial court entered its judgment, dismissing plaintiffs' petition with prejudice. It is apparent that based upon the jury verdict, the court intended to enter judgment in favor of defendant.

2. Because the claim of plaintiff's wife is derivative of his, we refer to plaintiff in the singular person.

appellate review. *Nishwitz v. Blosser*, 850 S.W.2d 119, 122 (Mo.App.E.D.1993). It is within the exclusive province of the trial court to determine if a jury's verdict is against the weight of the evidence. *Id.* An appellate court interferes with a jury verdict only if there is a complete absence of probative facts to support a jury verdict. *Id.* The reason for this rule is that the plaintiff bears the burden to prove that the defendant was negligent and that plaintiff's injuries directly resulted from the defendant's negligence. *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App.W.D.1993). The sufficiency of the evidence to support a defendant's verdict is not a question amenable to appellate review. *Id.*

Assuming the trial court in essence entered judgment in favor of defendant pursuant to the jury's verdict, there was no error. It was within the purview of the jury to assess zero percent fault against each party. The form of the verdict was MAI 37.09 [1991 New] and it explicitly allowed the jury to find zero percent fault against both plaintiff and defendant. *See Miller v. Hanna*, 757 S.W.2d 301, 303–304 (Mo.App.1988) (court upheld jury's finding zero percent fault against each party under a similar instruction patterned on MAI 37.07 [1986 New] ). The verdict form directed the jury to award plaintiff damages only if it found a percentage of fault against defendant. *See Id.* at 304. Because the jury did not assess a percentage of fault against defendant, it did not award damages to plaintiff. *See Id.* There was no error in allowing the jury to find zero percent fault against both parties. Plaintiff's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.