**ST. FRANCIS MEDICAL CENTER,
Plaintiff–Respondent,**

v.

**David L. SHEFFER and Sherry A.
Sheffer, Defendants–Appellants.**

**No. 65607.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 1995.

Albert C. Lowes, David J. Roth, II, Lowes & Drusch, Cape Girardeau, for appellants.

Daniel P. Finch, Finch, Bradshaw, Strom & Steele, L.C., Cape Girardeau, for respondent.

KAROHL, Judge.

David Sheffer and Sherry Sheffer appeal from a trial court judgment awarding St. Francis Medical Center $700 for hospital services rendered to Sherry Sheffer. We affirm.

Between January 20, 1992, and February 25, 1992, St. Francis Medical Center furnished hospital and medical services and supplies to Sherry Sheffer during two hospitalizations. The total charges for the visit beginning January 20, 1992, were $3,991.21. The Health and Welfare Fund of David Sheffer's union, the International Union of Operating Engineers, paid $2,773.97 on the bill. There were also "self-pay" payments of $615. The resulting balance was $602.24. The total charges for the visit beginning on February 25, 1992, were $3,963.77. The Fund paid $3,401.78. The resulting balance was $561.99. St. Francis Medical Center sued on these accounts, which totaled $1,164.23. David Sheffer was sued under the doctrine of necessaries. The jury found in favor of St. Francis Medical Center and awarded $700. The Sheffers raise four points on appeal.

The Sheffers' first point is the trial court erred in orally instructing the jury upon finding the verdict form incomplete and in quizzing the jury after the jury had been polled and ten jurors affirmed the verdict to be their verdict. The Sheffers contend the oral instructions directed the jury to find damages for the plaintiff were contrary to the proscribed MAI instruction where no additional instruction was necessary.

After reading the verdict, the trial court knew the finding favored plaintiff hospital, but it discovered no amount had been placed in the paragraph regarding damages. The court polled each jury member. Ten jurors indicated this was their verdict. The following then occurred:

(The Court): Okay. At this time then, I find that the verdict is as you have directed, which is for the Plaintiff, St. Francis Medical Center against—and also, on both claims, you have not set out an amount. So, I would take it that that means you do not wish St. Francis Medical Center to receive any money; is that correct?

(Unidentified [juror]): No. That's not correct.

(The Court): Well, that's the way the verdict reads.

(Unidentified): We assumed that—

(Counsel for defendants): Your Honor, I want to object to quizzing the jury in this amount. I—this manner. I think that's wholly improper.

(The Court): I'm concerned that this—

(Counsel for defendants): This jury is— The verdict is in normal form. And I think it should be accepted. The jury chose not to fill in the amount, that means Plaintiff collects costs, period. I object to interrogation of the jury.

(The Court): At this time, I'm going to send this jury back and ask them to fill in an amount if that is what they want. If you wish to place zero amount in the blank

for the amount, that's fine. I want some indication from this jury what you want in the way of damages because you will note it says, "Complete the following paragraph only if one or more of the above findings is in favor of Plaintiff, St. Francis Medical Center."

And then you have a paragraph to complete, "We, the undersigned jurors, assess the damage of Plaintiff, St. Francis Medical Center, for medical goods and services and interest at," blank, stating the amount. If you wish that to be zero, that's fine. Put in zero. I'm going to return this to— And I want you to return to the jury box. Please, I'm sorry I cannot answer your questions with anything more than, "Please follow the instructions."

■ If a verdict is found to be ambiguous, inconsistent, or otherwise defective, the jury should be given the opportunity to correct the verdict or to find a new one before such verdict is recorded and made part of the judgment. *Van Eaton v. Thon*, 764 S.W.2d 674, 676 (Mo.App.1988). A verdict is not final until the jury decision is submitted to the court, accepted by it and assented to by the jury, and recorded by the court. *Id.* This procedure guarantees the jury ample opportunity to correct any defects and misunderstanding as to the verdict. *Id.*

In *Van Eaton*, the verdicts were defective because no actual damages were assessed for either Count I or Count II, while both counts included punitive damages. In regard to the initial verdicts, the court in *Van Eaton* stated the following:

THE COURT: Ladies and gentlemen, in examining the verdict forms, I'm going to ask you to return to the jury room. Your verdict forms on Verdict A and B are incorrect. Your verdict forms as to Verdict C and D are correct in the way they're filled out, all right? So I'm going to return to you—ask you to return to the jury room to look again at the instructions as to Verdict From (sic) A and B, okay?

*Id.* at 676–77.

The court found the trial court had only pointed out to the jury that the verdict forms were incorrect and had referred the jury to the instructions. *Id.* at 677. The court also found the trial court simply required the jury to return to reconsider its verdicts after the inconsistency or defect was brought to the jury's attention. The court held the trial court was correct in sending the jury back to correct its verdict. *Id.*

■ The procedure employed in *Van Eaton* was preferable to what happened here. However, the opportunity to correct a defective verdict was equally available. Here, the court pointed out to the jury that the verdict form was left blank as to damages. The court inquired if the jurors had meant to assess no damages. An unidentified juror indicated that was not correct. The court then explained the problem by reading the verdict form and its instructions. The court did not direct the jury to find damages for the plaintiff. The court stated several times that the jurors could write zero in the blank if they wished. It refrained from suggesting any amount of damages. It required the jurors to reconsider their verdict after the defect was brought to their attention. We find no prejudicial error.

The Sheffers' second point is the trial court erred in submitting the following jury instruction:

Your verdict must be for Plaintiff if you believe:

First, at Defendant's request Plaintiff furnished to defendant David L. Sheffer medical goods and services January 20, 1992 and February 25, 1992, and

Second, Plaintiff charged a total of $3,991.21 and $3,963.77, respectively, for the dates above for medical goods and services, and

Third, Plaintiff's charges were reasonable.

The Sheffers contend submitting this instruction was error because every verdict direction instruction must be supported by evidence, and there was no evidence that defendant David L. Sheffer requested or received any medical goods or services.

The trial court ruled that as a matter of law David Sheffer was liable for the medical expenses of his wife. *Wilt v. Moody*, 254 S.W.2d 15, 19 (Mo. banc 1953). The Sheffers do not challenge this ruling.

■ The instruction at issue is somewhat unclear only because it refers to "Defendant's" request, singular. The matter of ambiguity is not the basis of the claim of error. There is no evidence that David Sheffer requested services for himself. However, the phrase "furnished to defendant David L. Sheffer" does not exclude delivery of services to Sherry for which David was obligated as spouse. It was agreed Sherry Sheffer received treatment, not David Sheffer. There was no fact issue to decide regarding medical services directly provided to David. Thus, in light of the doctrine of necessaries, a matter of law, not fact, the trial court did not err in submitting this instruction. Although ambiguous, the instruction submitted plaintiff's claim against David on the theory tried by the parties. Point denied.

The Sheffers' third point on appeal is the trial court erred in excluding evidence of the financial interest of plaintiff's two witnesses and in denying their motion for a new trial for the exclusion of such evidence. The Sheffers contend evidence of a witness' bias, interest or prejudice, including pecuniary interest in the outcome of the trial, is always admissible.

■ Witness prejudice in favor or against any of the parties is proper to be shown and considered to bear on the credit which should be accorded his testimony. *State v. Williams,* 724 S.W.2d 652, 655 (Mo. App.1986). This bias of a witness or his feeling towards a party are never irrelevant matters, and even when such interest or bias is admitted by the witness, the extent of it may be shown. *Id.* How far the inquiry may go, however, is left largely to the discretion of the trial court, and we will not interfere with the court's ruling absent an abuse of discretion. *Id.*

■ St. Francis Medical Center presented the testimony of two witnesses, Gregory Pleimann and Roberta Matlock. Both testified they worked for St. Francis Medical Center. However, the trial court did not allow cross-examination regarding their salaries. The trial court merely limited the inquiry regarding bias; it did not totally foreclose the issue. The employer-employee relationship was sufficient to support any argument defendants wished to make regarding bias where there was no claim the witnesses had a direct, contingent, personal interest in the case. We find no abuse of discretion. Point denied.

■ The Sheffers' final point is the trial court erred in refusing MAI 32.14, the affirmative defense of payment. They contend they were entitled to the instruction because there was evidence they had made payments to St. Francis Medical Center and, it was stipulated that payment had been made.

The Sheffers asked and received MAI 26.03, a converse instruction which only contested the reasonableness of the hospital charges. By finding for St. Francis Medical Center, the jury found the charges were reasonable. The court rejected the following instruction regarding the affirmative defense of payment:

> Your verdict must be for defendant if you believe that plaintiff has already been paid for all the goods and services furnished to Sherry Sheffer.

There is no reason to believe the court rejected this affirmative defense instruction merely because it submitted a converse instruction on reasonableness, a different issue than the affirmative defense of payment. It correctly rejected this instruction because there was no evidence to support it. Neither defendant testified, and no documents to prove payment were offered. The only evidence regarding payment came from St. Francis Medical Center. The total charges for January 20, 1992, were $3,991.21. St. Francis Medical Center stipulated that health insurance paid $2,773.97 and that there were "self-pay" payments of $615. The balance owed was $602.24. The total charges for February 25, 1992, were $3,963.77. Health insurance paid $3,401.78, leaving a balance of $561.99. The total amount owed was $1,164.23. The Sheffers did not offer evidence of payment in full. The only issue was whether these charges were reasonable. Only issues of fact which are genuinely in dispute need be submitted to a jury. *Jines v. Young,* 732 S.W.2d 938, 949 (Mo.App.1987). Because there was no evidence of payment in

full, the trial court did not err in refusing to submit the affirmative defense instruction.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.