## Rosa FRANKLIN and Percy Franklin, Appellants,

v.

## ALLSTATE INSURANCE COMPANY, Respondent.

### No. WD 55251.

Missouri Court of Appeals, Western District.

Jan. 5, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1999.

H. Kent Desselle, Independence, MO, Attorney for Appellants.

Kevin L. Bennett, Overland Park, KS, Arlen L. Tanner, Kansas City, MO, Attorneys for Respondent.

Before ULRICH, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Rosa and Percy Franklin appeal from the circuit court's judgment for the respondent, Allstate Insurance Company (Allstate), on their claims against it for payment of benefits and vexatious refusal to pay under a policy of insurance for fire loss to their home and its contents. The circuit court's judgment was entered on verdict A returned by the jury on the appellants' claim for benefits. In addition to returning verdict A, the jury also returned verdict B for Allstate on its counterclaim against the appellants for repayment of money alleged to have been

wrongfully advanced to them for their loss under the insurance policy. As to verdict B, although the jury found for Allstate, it failed to award it any damages. Because the trial court determined that this was contrary to its instructions, it sent the jury back for further deliberations on verdict B. Over the appellants' objection, it accepted verdict A, without requiring further deliberations, and subsequently entered a judgment thereon. No judgment was ever entered on Allstate's counterclaim in that it was dismissed with prejudice while the jury was deliberating further on verdict B.

The appellants raise two points on appeal. In their first point, they claim that the trial court erred in failing to send the jury back for further deliberations on both verdicts A and B and failing to give MAI 2.06 because the two verdicts, when read together, were inconsistent. In their second point, they claim that the trial court committed plain error by failing to package the jury instructions as to their claim and Allstate's counterclaim and failing to give MAI 2.05 because it was required to do so in that this was a "complex case," as defined in MAI 2.00, where the jury was considering two separate claims requiring two separate verdict forms.

We reverse and remand.

### Facts

The appellants insured their home and its contents against accidental loss from fire under an insurance policy purchased from Allstate. On February 4, 1995, the home and its contents were damaged by fire. The appellants contacted Allstate and, after signing a non-waiver and advance payment agreement, received an advance payment of $5,176.65. Following an investigation, Allstate concluded that the appellants had caused, consented to or procured the fire that destroyed the home. As a result, Allstate denied coverage under the insurance policy resulting in the appellants filing their petition for payment of insurance benefits and for vexatious refusal to pay, pursuant to § 375.420,[1] in the Circuit Court of Jackson County. Allstate subsequently filed a counterclaim seeking return of the advance payment of $5,176.65.

A jury trial was held on September 8, 9, and 10, 1997. The jury was instructed as to the appellants' claims and Allstate's counterclaim and provided with a verdict form for each. After deliberating on both verdicts, the jury returned verdict A, wherein it found for Allstate on the appellants' claims. It also returned verdict B, finding for Allstate on its counterclaim. However, on Allstate's counterclaim the jury failed to award it any damages. Because the appellants' trial counsel believed that the verdicts were inconsistent, he moved for a mistrial. When the trial court refused to declare a mistrial, counsel for the appellants requested that the jury be sent back for further deliberations on both verdicts, giving MAI 2.06. The trial court refused. Instead, it accepted verdict A, sending the jury back for further deliberations on verdict B only, finding that the jury's failure to award damages in verdict B was inconsistent with its finding therein that Allstate should prevail on its counterclaim.

While deliberating on verdict B, the jury sent a note to the trial court indicating that the required nine jurors could not agree, due to the wording of Instruction 7, Allstate's converse instruction as to the appellants' claims which only applied to verdict A, directing the jurors to find for Allstate if they believed that the fire was intentionally set and that the appellants set or caused it to be set. At this point, the appellants again requested a mistrial as to the entire case which was again denied. Instead, the trial court decided to declare a mistrial as to verdict B, enter judgment on verdict A, and discharge the jury. Before it could do so, the trial court received a written question from the jury inquiring whether it could find for Allstate on verdict A and the appellants on verdict B. The appellants again requested a mistrial, which was again denied. Finally, Allstate decided to dismiss with prejudice its counterclaim and asked the trial court to accept and enter judgment on verdict A. The trial court agreed, entered judgment on verdict A, and discharged the jury. The appellants subsequently filed a motion for a new

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

trial or for judgment notwithstanding the verdict which was denied.

This appeal follows.

## I.

In their first point, the appellants claim that the trial court erred in failing to send the jury back for further deliberations on both verdicts A and B and failing to give MAI 2.06 because the two verdicts, when read together, were inconsistent. We agree.

In making their claim, the appellants contend that the jury's finding for Allstate in both verdicts A and B as to liability indicated that the jury believed that the fire was not accidental but that the appellants had set or procured the setting of the fire. As such, they argue that, pursuant to the trial court's written instructions, the jury would have been expected to award Allstate damages in verdict B in the amount of the advance payment made to the appellants under the insurance policy for their claimed loss. From this, the appellants then argue that the jury's failure to award Allstate any damages in verdict B called into question what the jury truly believed as to whether the fire was accidental. The appellants contend that the only way to resolve this question or uncertainty was to send the jury back for further deliberations on both verdicts.

For its part, Allstate contends that the trial court properly accepted and entered judgment on verdict A in that it was not, on its face, inconsistent. And, although it concedes that verdict B appeared inconsistent on its face, in that it did not provide for an award of damages, it contends that this inconsistency did not cause it to be inconsistent with verdict A. Allstate also contends that, even if the trial court erred by sending back only verdict B for further deliberations, the appellants did not demonstrate any prejudice because the failure to award damages to it in verdict B was a benefit to them. Further, Allstate contends that the eventual dismissal of their counterclaim cured any inconsistency between verdicts A and B. As to the giving of MAI 2.06, Allstate contends it was not mandatory, but was discretionary with the trial court.

Jury verdicts are inconsistent when they are so contradictory that they cannot be construed with certainty or when they cannot fairly be resolved as a definite finding in favor of either party. *Jenkins v. Revolution Helicopter Corp.*, 925 S.W.2d 939, 943 (Mo. App.1996). When a jury attempts to return verdicts that are inconsistent, the trial court has a duty to require the jury to correct the verdicts before they are accepted as the judgment of the court. *Vancil v. Carpenter*, 935 S.W.2d 42, 48 (Mo.App.1996). A verdict that is not accepted by the trial court has no effect. *State v. Peters*, 855 S.W.2d 345, 348 (Mo. banc 1993), cert. denied, 510 U.S. 1075, 114 S.Ct. 887, 127 L.Ed.2d 81 (1994) (*citing State v. Lashley*, 667 S.W.2d 712, 715 (Mo. banc 1984), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984)). Inconsistent verdicts must be rejected by the trial court and sent back to the jury for further deliberations to resolve the inconsistency. *State v. Zimmerman*, 941 S.W.2d 821, 825 (Mo.App.1997) (*citing Peters*, 855 S.W.2d at 348–49). When a trial court attempts to reconcile two inconsistent verdicts without sending the jury back for further deliberations as to both, it is relegated to "trying to determine the intent of the jury as to its verdicts based upon inferences, conjecture and speculation." *Id.* This it cannot do. *Id.* Further, when a trial court sends a jury back for further deliberations because it has returned inconsistent verdicts, MAI 2.06 applies. When there is an applicable MAI, its use is mandatory and it is error for the trial court not to give it. *Hall v. Missouri Highway & Transp. Comm'n*, 861 S.W.2d 720, 722 (Mo.App.1993). Thus, the issue for us to determine here is whether in returning verdicts A and B, without an award of damages in verdict B, the jury returned verdicts that were so contradictory as to be inconsistent, requiring the trial court to send both verdicts back for further deliberations and to give MAI 2.06.

In finding for Allstate on verdict A, we can infer, as the appellants suggest, that the jury believed that there was no coverage under the appellants' insurance policy for their fire loss because the fire was not accidental. Given this fact, it was also logical to

expect the jury to find for Allstate on its counterclaim, which it did. It was also logical to expect the jury to award Allstate damages in verdict B in the amount of the advance payment made to the appellants, pursuant to the instructions of the trial court. Nonetheless, the jury, contrary to logic and the instructions of the court, did not award Allstate any damages. We believe that this failure to award damages created uncertainty as to whether the jury in verdict A truly believed the fire was accidental.

As further evidence of the jury's uncertainty as to whether the fire was accidental, we can look to the notes the jury sent to the trial court after it was sent back for further deliberations on verdict B. It first sent a note to the trial court indicating that it could not reach an agreement due to the language of Instruction 7, which was only applicable to verdict A. Thereafter, it sent a note asking the trial court if it could find for Allstate on verdict A and for the appellants on verdict B. These communications indicated that the jury was reconsidering verdict A, contrary to the trial court's oral instruction to only reconsider verdict B, and that no firm agreement had ever been reached by the required nine jurors as to either verdict. As such, verdicts A and B, as returned by the jury, could not be harmonized into a definite finding as to whether the fire was accidental and, hence, were inconsistent, requiring both to be sent back for further deliberations.

▇▇ Allstate argues that any error the trial court may have committed in failing to send both verdicts back for further deliberations was not prejudicial due to its subsequent dismissal of its counterclaim. We find this argument to be without merit. The jury returned inconsistent verdicts after deliberating on verdicts A and B together. The subsequent dismissal of the counterclaim, without further deliberations as to both verdicts, did not resolve this inconsistency. If anything, it further prevented the resolution of the inconsistency. As such, Allstate's dismissal of its counterclaim did nothing to re-

solve the uncertainty surrounding the return of verdicts A and B without awarding damages to Allstate in verdict B.

Given the circumstances, the trial court should have rejected both verdicts A and B as being inconsistent. *Jenkins,* 925 S.W.2d at 943. Instead of speculating as to what the jury believed or intended in returning verdicts A and B, finding for Allstate and without an award of damages in verdict B, the trial court should have sent both verdicts back for further deliberations, *Zimmerman,* 941 S.W.2d at 825, giving MAI 2.06, as required. *Hall,* 861 S.W.2d at 722. It was error for the trial court to accept verdict A, while sending the jury back for further deliberations as to verdict B, requiring our reversal.

As our resolution of this point is dispositive of the appeal, we need not address the appellants' remaining point.[2]

### Conclusion

The circuit court's judgment is reversed, and the cause is remanded for a new trial consistent with this opinion.

All concur.

---

**2.** Although we do not review the appellants' Point II, we note that this case appears to be a "complex case," as defined by MAI 2.00, requir-

ing the trial court to package the jury instructions and to give MAI 2.05.