Linda BRABOY, Plaintiff/Appellant,

v.

**FEDERAL EXPRESS
CORPORATION,**
Defendant/Respondent.

No. ED 88398.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 8, 2007.

Application for Transfer Denied
Dec. 18, 2007.

Rocco A. Marrese, Edwardsville, IL, Joseph B. Dickerson, St. Louis, MO, for appellant.

Daniel A. Spirn, Robert J. Isaacson, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

In this personal-injury case, the plaintiff Linda Braboy appeals from the trial court's judgment in favor of the defendant, Federal Express Corporation. She challenges the sufficiency of the verdict returned by the jury, wherein the jury assessed zero percent of fault to plaintiff, zero percent fault to defendant, and then found plaintiff's damages to be $150,000. Yet the verdict form instructed the jury to enter a finding as to plaintiff's damages only if it had assessed a percentage of fault to the defendant. Because we find the verdict is so contradictory that it cannot fairly be resolved as a definite finding in favor of either party, we hold that the verdict is inconsistent and a nullity, and cannot support the entry of any judgment. Accordingly, we reverse the judgment and remand the cause for a new trial.

### Factual and Procedural Background

The plaintiff was involved in an automobile collision between the car she was driving and a truck being driven by Michael Eilers, an employee of defendant FedEx. The plaintiff sued Mr. Eilers and FedEx for negligence, seeking to recover compensation for her alleged personal injuries. The parties tried their dispute over the course of a week. At the close of all evidence, the plaintiff dismissed her claim against defendant Eilers. Thus, the trial court submitted the case to the jury solely against defendant FedEx, under instructions and a verdict form approved for use in comparative-fault cases.[1]

1. The five verdict directors submitted in this case, Instruction Numbers 7–11, were patterned after the following Missouri Approved Jury Instructions: Instruction No. 7: MAI

After nearly a day of deliberations, the jury returned its verdict, signed by nine jurors, completed as follows:

> Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

> On the claim of plaintiff Linda Braboy for personal injury, we, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendant Federal Express | 0 % | (zero to 100%) |
| Plaintiff Linda Braboy | 0 % | (zero to 100%) |
| TOTAL | 0 % | (zero OR 100%) |

> Note: Complete the following paragraph if you assessed a percentage of fault to defendant:

> We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be *$150,000.00 (stating the amount )*.

> Note: The judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.

Upon receipt of the jury's completed verdict form, the trial court immediately noted that the verdict was not proper. During the ensuing discussions between the court and counsel, plaintiff's counsel argued that the verdict was inconsistent, and requested that the court poll the jury and then declare a mistrial if the jury confirmed that the returned verdict was indeed its verdict. Counsel for the defen-

dant argued that the verdict was consistent. The trial court acknowledged that it could give an instruction on inconsistent verdicts, but then determined that it would like research and further discussion of the matter. The trial court then announced that it was not accepting the verdict, admonished the jury to cease its deliberations, and called for a lunch recess.

During the recess, the trial court and counsel for both parties researched the issue and the parties orally argued whether the trial court should accept the verdict. Counsel for defendant FedEx produced *Heitner v. Gill,* 973 S.W.2d 98 (Mo.App. S.D.1998), and argued that the case supported its position that the trial court should disregard the finding of $150,000 in damages as surplusage, and accept the jury's verdict as a verdict for the defendant. Plaintiff's counsel again argued that the verdict was inconsistent and indicated juror confusion, and further argued that the *Heitner* case was factually dissimilar. Plaintiff's counsel requested the trial court instruct the jurors and send them back for further deliberations. In the alternative, plaintiff's counsel again moved for a mistrial.

The trial court indicated it had read the *Heitner* case, as well as the decision in *Hitt v. Martin,* 872 S.W.2d 121 (Mo.App. E.D.1994). The court then decided it was going to bring the jury back into the courtroom, read the verdict in its totality, and then poll the jury. The court noted that polling the jury only involved asking whether or not the verdict was its verdict. The court then stated that if the jury confirmed the verdict as its verdict, the court would then accept the verdict, find

37.01, MAI 37.05(2) and committee comment, MAI 17.02, MAI 17.04, and MAI 17.05; Instruction No. 8: MAI 37.02, MAI 17.08, and MAI 17.17; Instruction No. 9: MAI 37.02, MAI 17.01, and MAI 17.05; Instruction No.

10: MAI 37.03 [1986 New]; and Instruction No. 11: MAI 33.04. The comparative-fault verdict form was patterned after MAI 37.07 [1986 New] and 37.05(2) [1986 New].

that the $150,000 in damages was surplusage and meaningless, and enter judgment in favor of defendant FedEx.

The trial court thereafter polled the jury. The jury confirmed its verdict; the court accepted the verdict; and the court entered judgment in favor of defendant FedEx. The plaintiff now appeals, contending that the trial court erred in entering judgment on the verdict because the verdict is inconsistent and a nullity, incapable of supporting the entry of any judgment.

### Discussion

"Jury verdicts are inconsistent when they are so contradictory that they cannot be construed with certainty or when they cannot fairly be resolved as a definite finding in favor of either party." *Downey v. University Internists of St. Louis, Inc.*, 154 S.W.3d 339, 342 (Mo.App. E.D.2004). In construing a verdict, this Court observes several general guiding principles. Verdicts should be construed to give them effect if it can reasonably be done. *Morse v. Johnson,* 594 S.W.2d 610, 616 (Mo. banc 1980). The jury's intent is to be arrived at by regarding the verdict liberally. *Id.* We should consider a verdict in light of the entire record to see if we can ascertain the jury's intent. *Id.* A verdict will be upheld if, from a consideration of the whole record, the meaning of the jury can be made clear and the judgment is based upon what the jury actually found. *Id.* It is also true, however, that a verdict is the sole basis for the entry of a judgment in a jury case, and if it is not suffi-

cient to sustain the judgment, the latter is void. *Thorne v. Thorne*, 350 S.W.2d 754, 757 (Mo.1961). A verdict must be clear and unambiguous so that a judgment may be written upon it without resorting to inference or construction. *Morse*, 594 S.W.2d at 616.

In applying these guiding principles to the verdict returned in this case, we find that we are unable to construe the verdict with certainty. By finding zero percent liability on the part of FedEx, it appears that the jury believed FedEx had no liability. But, by assessing damages at $150,000, an assessment that is only to occur if fault is found on the part of the defendant, it appears that the jury believed FedEx indeed had liability.[2] The verdict is, on its face, contradictory. Further, we gain little assistance in viewing the verdict in light of the entire record in this case. The record reveals that there was evidence both for and against a finding of liability on the part of FedEx. Additionally, the record shows that during their deliberations the jury raised several questions, including questions about awarding compensation.[3] To reconcile the verdict in this case would relegate this Court to determining the intent of the jury based upon inference, conjecture, and speculation. This the Court cannot do. *See, e.g., Franklin v. Allstate Ins. Co.*, 985 S.W.2d 893, 896 (Mo.App. W.D.1999). The verdict, as received, cannot fairly be resolved as a definite finding in favor of either party. Thus, the verdict is inconsis-

---

**2.** The verdict form also contained a note that "[t] he judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff." Because the jury here had assessed plaintiff's damages at $150,000 but had assessed zero percentage of fault to the plaintiff, the jury, in interpreting this notation, may also have concluded it had

effectively rendered a verdict in favor of the plaintiff for $150,000.

**3.** The jury sent questions to the court on five different occasions during its deliberations, one of which was about awarding compensation; but the actual questions posed do not appear in the record on appeal.

tent and cannot support the entry of any judgment.

In holding as we do, that the verdict returned in this case is inconsistent, we do not maintain that the jury could not assess zero percent fault against each party. Indeed, it was well within the purview of the jury to do just that, as was the case in *Hitt*, the case noted by the trial court. *See also, Self v. Brunson*, 213 S.W.3d 149 (Mo.App. E.D.2006). The verdict form in this case expressly allowed the jury to assess zero percent fault to both plaintiff and defendant. In *Hitt*, the trial court entered judgment for the defendant, upon a jury verdict assessing zero percent of fault to the defendant and zero percent of fault to the plaintiff. This Court found that it was not error in allowing the jury to find zero percent fault against both parties. *Hitt*, 872 S.W.2d at 123; *see also, Self*, 213 S.W.3d at 155 (holding that by assessing zero fault to both parties, the jury did not render an inconsistent, ambiguous or self-destructive verdict). But, *Hitt* and *Self* are factually distinguishable from this case. In those cases, after finding zero fault on the part of the defendant, the jury did not award any damages to the plaintiff. Here, in contrast, the jury found zero percent fault on the part of defendant FedEx, but then went on to assess damages, an assessment that was only to occur if it had found the defendant liable for damages. Therein lies the inconsistency.

As FedEx advocated, the trial court, relying on *Heitner*, found that the $150,000 damage finding was surplusage and meaningless. In *Heitner*, the plaintiff brought an action for personal injuries she sustained in an automobile accident against defendant Allman and defendant Gill, drivers of two other vehicles involved in the accident. The plaintiff was a passenger in a pickup truck being driven by her then-husband Scott Heitner. Defendants All-

man and Gill then brought separate third-party claims against Scott Heitner for indemnification or contribution in the event the jury found either defendant liable. The defendants' third-party claims were erroneously submitted on the same verdict form in which the plaintiff's claims were asserted against the defendants. The jury returned a verdict in which it assessed zero percent fault to defendants Allman and Gill, and 100% of the fault to third-party defendant Heitner. The jury then found plaintiff's damages to be $2,000,000. Such assessment, according to the verdict form, was to be made only if the jury assessed a percentage of fault to any defendant. The trial court disregarded as surplusage the assessment of fault to third-party defendant Heitner and the finding of damages, and thereafter accepted the verdict and entered judgment in favor of defendants Allman and Gill. *Heitner*, 973 S.W.2d at 101.

The plaintiff appealed, raising two claims regarding the verdict. First, the plaintiff alleged that the trial court erred in setting aside the damage finding and in not setting aside the jury's liability findings with respect to defendants. Second, the plaintiff argued that the verdict's finding of no liability on the part of the defendants was inconsistent with the jury's award of damages. *Id.* at 101–102.

The Court first held that the trial court rightly disregarded the finding of damages as surplusage. The Court stated as follows:

Plaintiff did not prevail on her claim against defendants. The jury rendered a general verdict in favor of defendants on that claim. Since defendants were found not liable, the finding that plaintiff sustained damages from injuries not attributable to defendants was meaningless. The finding of damages was not necessary to the general verdict that

was rendered. The trial court rightly disregarded it as surplusage. *Roberts v. Obremski,* 761 S.W.2d 291, 292 (Mo.App. 1988).

*Heitner,* 973 S.W.2d at 101–102.

FedEx argues that the *Heitner* court's analysis mandates the same result here. Specifically, FedEx argues that " 'since defendants were not found liable, the finding that plaintiff sustained damages from injuries not attributable to defendants was meaningless . . .' " and we must hold it to be "surplusage," as did the *Heitner* court.

■ We reject this argument. To begin, the *Heitner* court's analysis may well be dicta.[4] The plaintiff in *Heitner* did not timely raise her assertion of an inconsistent verdict before the jury was discharged. Therefore, the court correctly found that she had waived her assertion of

inconsistency. *Heitner,* 973 S.W.2d at 102, *citing Douglass v. Safire,* 712 S.W.2d 373, 374 (Mo. banc 1986). Accordingly, the court did not address the plaintiff's argument regarding an inconsistent verdict. Such is not the case here. Next, we can easily distinguish the circumstances in *Heitner* from those in our case. Unlike this case, in *Heitner,* the jury clearly assessed 100% fault to the third-party defendant, whom the plaintiff had not sued. The verdict form in *Heitner* instructed the jury to determine the amount of the plaintiff's damages if it assessed a percentage of fault to any defendant.[5,6] In this case, however, there is no third-party defendant found liable, to whom the damages could possibly be attributed. The verdict form at issue in this case provided for the allocation of fault only between a plaintiff and a defendant. And, there was a total as-

---

4. The *Heitner* court analyzed whether the trial court erred in setting aside the damage finding and in not setting aside the liability findings. But in interpreting the rendered verdict, the *Heitner* court appears to be essentially confronting a claim of inconsistency within the verdict, an argument the court later held the plaintiff had waived. *Heitner,* 973 S.W.2d at 102. Further, the *Heitner* court does not cite to the applicable law for construing a verdict, as succinctly summarized by the Missouri Supreme Court's in its decision, *Morse v. Johnson,* 594 S.W.2d 610 (Mo. banc 1980). Rather, the *Heitner* court relied on law analyzing alleged error in an instruction, rather than a verdict. *Heitner,* 973 S.W.2d at 102 *citing Roberts v. Obremski,* 761 S.W.2d 291, 292 (Mo.App.1988).

5. The completed verdict form in *Heitner* read as follows:

VERDICT

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you asses a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of plaintiff Melissa Heitner for personal injury, we, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendant Allman | 0% | (zero to 100%) |
| Defendant Gill | 0% | (zero to 100%) |
| Third party defendant | | (zero to 100%) |
| Scott Heitner | 100% | |
| TOTAL | 100% | (zero to 100%) |

Note: Complete the following paragraph if you assessed a percentage of fault to any defendant.

We the undersigned jurors, find the total amount of plaintiff's damages to be $ *2,000,000.00* (stating the amount.).

6. The *Heitner* court noted that submitting a single verdict form containing both the plaintiff's claim against the defendants and the defendants' third-party claims against the third-party defendant was misleading and contrary to MAI directions. *Heitner,* 973 S.W.2d at 101 n. 2. *citing* Notes on Use to MAI 2.05 [1980 New]. Perhaps the *Heitner* court believed that this error likely caused the jury's confusion. Because the verdict form instructed it to find the amount of damages if it assessed fault to "any defendant," the jury may have concluded that "any defendant" included its assessment of fault by the third-party defendant.

sessment of fault at 0%. Yet, despite the verdict form's instruction to assess damages only if fault was found on part of the defendant, the jury nevertheless found plaintiff's damages to be $150,000. In any event, this Court is not persuaded by the reasoning in *Heitner* because it appears the *Heitner* court impermissibly relied upon inferences, conjecture, and speculation in concluding the jury's findings as to liability were meaningful, but its finding as to damages was "surplusage." [7]

This case is more analogous to those cases where a jury finds for the plaintiff on liability, but fails to award damages. As here, there is an inherent contradiction between the portion of the verdict addressed to liability and the portion as to assessment of damages. Courts in those instances have held that such a verdict is inconsistent and incapable of supporting entry of any judgment. *Downey v. University Internists of St. Louis, Inc.*, 154 S.W.3d 339 (Mo.App. E.D.2004); *Boone v.*

*Richardson*, 388 S.W.2d 68, 76 (Mo.App.1965)(overruled on other grounds by *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986)).

 Parties are entitled to the unconditional judgment of the jury, rather than a court's interpretation of its finding. *Boone*, 388 S.W.2d at 76. A court does "not possess the insight of the Master Clocksmith [that] would enable [a court] to peer into the works of the jury's collective mind and say which wheels were turning when the verdict was struck." *Blackman v. Botsch*, 281 S.W.2d 532, 536 (Mo.App. 1955). "A court may not speculate as to what the jury meant; and a verdict that requires speculation to determine its meaning cannot stand and cannot support a judgment entered thereon." *Kansas City Power & Light Co. v. Bibb & Associates, Inc.*, 197 S.W.3d 147, 155 (Mo.App. W.D.2006). The trial court correctly noted that it could have required the jury to retire again to reconsider its verdict.[8]

---

**7.** We also find no guidance in the other cases cited by Judge Romines. In eight of the nine cases, the court found "surplusage" in a verdict when a jury *of its own volition* added or divided an award when the verdict form never allowed for such award or division; such volunteered findings are "surplusage" precisely because they are volunteered. Here, in contrast, the judge instructed the jury to make findings, but the jury's findings are inconsistent. We cannot parse a verdict, holding one finding of the verdict to be meaningful but disregarding the other finding as "surplusage," because our standard of review prohibits our resort to inference or construction of a jury's verdict in entering judgment. *Morse*, 594 S.W.2d at 616. In the other case cited by Judge Romines, *Roberts v. Obremski*, upon which the *Heitner* court relied, the court was analyzing instructional error. Indeed, none of the cases cited by Judge Romines, including *Heitner*, analyze a verdict for its consistency or inconsistency.

**8.** "[W]hen a trial court sends a jury back for further deliberations because it has returned

inconsistent verdicts, MAI 2.06 applies." *Franklin v. Allstate Ins. Co.*, 985 S.W.2d 893, 896 (Mo.App. W.D.1999).

MAI 2.06 [1983 New], and its notes on use, read as follows:

The court cannot accept your verdict[s] as written. [Verdict ———— and Verdict ———— are consistent] [1] You should examine your verdict[s] in light of all of the instructions. [A][N]ew verdict form[s] are [is] attached for your use, if needed. Do not destroy any of the verdict forms.

Notes on Use (1989 Revision)

1. Insert sentence describing the problem in the verdict or verdicts proposed, for example, "Your findings in Verdict ———— are inconsistent." or "Verdict ———— is not complete." or "The meaning of Verdict ———— is not clear."

This instruction may be given only if the jury attempts to return an inconsistent, incomplete, ambiguous or otherwise erroneous verdict. The court should identify each of the new verdict forms submitted with this instructions with an appropriate designation such as "Second Set."

*Boone,* 388 S.W.2d at 76; *Thorne,* 350 S.W.2d at 757. "If a verdict is found to be ambiguous, inconsistent, or otherwise defective, the jury should be given the opportunity to correct the verdict or to find a new one before such verdict is recorded and made part of the judgment." *St. Francis Medical Center v. Sheffer,* 892 S.W.2d 394, 396 (Mo.App. E.D.1995). It would have been such an easy matter for the jury to correct and make absolutely definite its verdict. *See Thorne,* 350 S.W.2d at 758 *citing Singleton v. Kansas City Baseball & Exhibition Co.,* 172 Mo. App. 299, 157 S.W. 964, 966 (Mo.App.1913).

To conclude, we find the verdict received is so contradictory that it cannot fairly be resolved as a definite finding in favor of either party. Thus, we hold the verdict is inconsistent and a nullity, incapable of supporting the entry of any judgment. The trial court committed error in entering judgment upon this verdict. Accordingly, we reverse the judgment and remand the cause for a new trial. *Boone,* 388 S.W.2d at 77. In light of this holding, we need not consider plaintiff's two other points on appeal.[9]

We reverse the trial court's judgment and remand the cause for a new trial.

GLENN A. NORTON, P.J., concurs.

KENNETH M. ROMINES, J., dissents in separate opinion.

KENNETH M. ROMINES, Judge, dissenting.

I dissent. The majority invents new meaning for a verdict of no liability. By tortured speculation and *post hoc ergo propter hoc* reasoning that only a sophist could appreciate—see the majority's footnote 2—a circuit judge that gave calm and reasoned consideration to the issue before him—followed by a long line of cases including a case that reasons clearly on the very issue facing the Court—is now convicted of error. The majority dismisses the record in this case as giving ". . . little assistance." I find the record helpful and dispositive.

This record reflects that Ms. Braboy was unable to find a set of facts concerning the accident that she could consistently relate. Whether on direct, cross-examination, or re-direct, the facts came out differently—not just subtle nuances on the same theme. All the other fact witnesses, and both Ms. Braboy's reconstructionist and FedEx's reconstructionist, related facts and conclusions diametrically opposed to those proffered by Ms. Braboy.[1] To speculate—as the majority does—the jury must not have believed Ms. Braboy.

Further, the record reflects deliberation and reasoned consideration by the trial judge when confronted by the verdict that so perplexes the majority. First, the trial judge did independent research while the jury was at recess, and heard argument from counsel concerning counsel's research. Second, the trial judge polled the jury, and the jury affirmed the verdict. These actions seem to me an exercise in calm discretion which should not be reversed. The trial judge relied on *Heitner v. Gill,* 973 S.W.2d 98 (Mo.App. S.D.1998)

---

9. In her two other points on appeal, the plaintiff alleges that the trial court erred in (1) striking three juror affidavits, which the plaintiff argued would explain the verdict, and (2) admitting certain evidence at trial.

1. Braboy's account of the accident was refuted by *seven* witnesses: Tom Schaefer, FedEx's accident reconstruction expert; James Hall, Braboy's own accident reconstruction expert; Jermaine Jackson, the St. Louis Police Officer who took Braboy's statement after the accident; FedEx driver Michael Eilers; and three construction workers: Pete Prives, Chris Radake, and Brian Skaggs.

and accepted the verdict, which I find absolutely appropriate.

As I understand the majority, inasmuch as the jury filled in an amount on the verdict tail, the "... verdict is inconsistent and a nullity, and cannot support the entry of a judgment ...", and, "it cannot fairly be resolved as a definite finding in favor of either party...."

Simply, the verdict is a no liability dog-fall. In nineteen years of seeing these verdicts on the Circuit bench in the 21st circuit, both Bench and Bar referred to these no liability verdicts as "St. Louis County Acts of God." But, as they must, the majority acknowledges that a no liability verdict can be returned. Thus a double zero is not inconsistent in and of itself.

As to the damage tail, the jury completed the job when they found no liability, and that which follows is superfluous. A long line of cases, as early as 1870, spells out what is surplusage in a verdict in varying contexts.[2] *Heitner v. Gill, supra,* is consistent with these cases and the logic is helpful here.

This was a tort case. The jury decides liability, and then damages. If the jury finds no liability, there is no further inquiry—the jury's job is complete. Here, the jury *twice* said FedEx had *no liability;* this jury did not believe "FedEx indeed had liability."

Under the initial portion of the majority opinion under "Discussion", general guiding principles of the manner of our review are set out. The majority then ignores these principles—there is no attempt to construe the verdict to give it effect—the jury's intent (though expressed twice) is not given a liberal viewing—and the verdict is not considered on the whole record.

---

**2.** See *State ex rel. Webster v. James K. Knight, Circuit Judge,* 46 Mo. 83 (Mo.1870) (jury's finding of costs should have been stricken as surplusage); *Ranney v. Bader,* 48 Mo. 539 (Mo.1871) (jury's finding of interest properly stricken); *Hancock v. Buckley,* 18 Mo.App. 459 (Mo.App.1885) (jury's finding of costs properly stricken); *Buttron et al. v. Bridell et al.,* 228 Mo. 622, 129 S.W. 12 (Mo.1910) (Court properly struck jury's apportionment of damages); *Roman v. King,* 268 S.W. 414 (Mo.App.1925) (attorney's fees award should have been stricken); *Berryman v. People's Mo-* *torbus Co. of St. Louis et al.,* 228 Mo.App. 1032, 54 S.W.2d 747 (Mo.App.1932) (Court properly struck jury's apportionment of damages); *State ex rel. St. Louis Public Service Co. v. Becker et al.,* 334 Mo. 115, 66 S.W.2d 141 (Mo.1933) (jury's apportionment of damages properly stricken); *Crystal Tire Co. v. Home Service Oil Co.,* 465 S.W.2d 531 (Mo.1971) (jury's apportionment of damages should have been stricken); and *Roberts v. Obremski,* 761 S.W.2d 291 (Mo.App. E.D.1988) (jury's finding that plaintiff was 100% at fault properly disregarded).